UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JASMINE BRIDGEFORTH, DELANO :
BROADUS, and DAVID FAIRFAX, :
:
                          Plaintiffs, :    COMPLAINT
:
                -against- :
:
CITY OF NEW YORK, NYPD Officer JOHN :    <u>Jury Trial Demanded</u>
ZERAFA, Tax No. 919893, NYPD Officer :
SANCHEZ, and JOHN/JANE DOE POLICE :
OFFICERS 1-15, :
:
                       Defendants. :
------------------------------------------------------------ x

      This is an action to recover money damages arising out of the violation of Plaintiff Jasmine Bridgeforth's, Delano Broadus's and David Fairfax's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.     The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

3.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) as Plaintiffs reside in the District and the claim arose in the District.

## JURY DEMAND

4.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

5.     All Plaintiffs are residents of the City, County and State of New York.

6.     Defendant City of New York was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

7. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8. That at all times hereinafter mentioned, Defendant Officer John Zerafa, Tax No. 919893, Defendant Officer Sanchez, Shield Number Unknown, and Defendant John/Jane Doe Police Officers 1-15 ("Defendant Doe Officers") were duly sworn police officers of the NYPD and were acting under the supervision of said departments and according to their official duties.

9. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

11. On or about Friday, October 9, 2014, Ms. Bridgeforth and Mr. Broadus were at their home at 1430 Amsterdam Avenue, New York, NY 10027 ("the Apartment") with their then-three-year-old daughter F.B.

12. In addition, their friends Eric Kirkland, Sarah Pozos and David Fairfax were at the Apartment.

2

13. The group planned to eat a home-cooked dinner together, then Mr. Kirkland, Ms. Pozos and Mr. Fairfax planned to watch F.B. once Ms. Bridgeforth and Mr. Broadus left the Apartment to work evening shifts.

14. Mr. Broadus made dinner for the group.

15. One of Ms. Bridgeforth's and Mr. Broadus's neighbors, Nicola Fowler, came over and partook in the dinner as well.

16. After dinner, Ms. Fowler left.

17. Ms. Bridgeforth and Mr. Broadus left for work.

18. Mr. Kirkland, Ms. Pozos and Mr. Fisher stayed in the Apartment to watch F.B.

19. Ms. Fowler, who had become upset at something over th visit for dinner, falsely reported to the police that Ms. Bridgeforth and Mr. Broadus had abducted her and a teenaged girl named Gloria and had had them both shackled to a radiator in the Apartment earlier that day.

20. According to Ms. Fowler, Ms. Bridgeforth and Mr. Broadus were sex traffickers who intended to sell Gloria on Craigslist.

21. None of this was true and Gloria does not exist.

22. In response to Ms. Fowler's report, Defendant Doe Officers visited the Apartment. On information and belief, Defendant Zerafa (whose name appears on related arrest paperwork) and Defendant Sanchez (who later made a statement about the incident to ACS) were among this group of officers on the scene.

23. When Defendant Doe Officers first arrived, Mr. Fairfax had stepped out to go to the store and Mr. Kirkland and Ms. Pozos, alone watching F.B., answered the door.

24. Defendant Doe Officers unlawfully searched the Apartment.

25. Defendant Doe Officers found no evidence of the fictional Gloria, evidence that Ms. Bridgeforth and Mr. Broadus had very recently had two people chained to their radiator or any other evidence that supported Ms. Fowler's accusations in any respect.

26. Defendant Doe Officers unlawfully seized a laptop computer and cellular telephones and more from the Apartment.

27. Defendant Doe Officers arrested Mr. Kirkland and Ms. Pozos.

28. Mr. Fairfax returned to the Apartment from the store.

29. Defendant Doe Officers arrested Mr. Fairfax.

30. Defendant Doe Officers arranged for ACS to take F.B.

31. When Ms. Bridgeforth and Mr. Broadus returned from work, Defendant Doe Officers arrested Ms. Bridgeforth and Mr. Broadus for offenses relating to kidnapping and sex trafficking.

32. Ms. Bridgeforth, Mr. Broadus and Mr. Fairfax were incarcerated pending arraignment.

33. On information and belief, Zerafa, Sanchez and/or Defendant Doe Officers falsely reported to employees of the District Attorney's Office that they had seen evidence of Gloria's captivity such as chains hanging from the wall.

34. The District Attorney's Office declined to prosecute Ms. Bridgeforth, Mr. Broadus and Mr. Fairfax and all three Plaintiffs were released.

35. On information and belief, the District Attorney's Office also declined to prosecute Mr. Kirkland and Ms. Pozos and they were released.

36. As a consequence of Defendant Zerafa's, Defendant Sanchez's and Defendant Doe Officers' unconstitutional actions, Ms. Bridgeforth, Mr. Broadus and Mr. Fairfax suffered

damages including, but not limited to, deprivation of liberty, reputational damage, emotional trauma and more.

37. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting those individuals.

38. The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Individual Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

39. The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] ... [T]here is some evidence

5

> of an attitude among officers that is sufficiently widespread to
> constitute a custom or policy by the [C]ity approving illegal conduct
> of the kind now charged.

Colon v. City of N.Y., No. 09 Civ. 8 & 9 (JBW), 2009 WL 4263363, at *2 (E.D.N.Y. Nov. 25, 2009).

40. Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

41. Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Plaintiffs' constitutional rights.

42. Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

43. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

44. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers with the entire actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York, the NYPD, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

48. As a result of the foregoing, Plaintiffs are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### FIRST CLAIM
### 42 U.S.C. § 1983

49. Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

50. Defendants, by their conduct toward Plaintiffs alleged herein, violated Plaintiffs' rights guaranteed by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

51. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST AND FABRICATION OF EVIDENCE

53. Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

54. Defendants violated the Fourth, Sixth and Fourteenth Amendments because they arrested and/or detained Plaintiffs without probable cause.

55. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

56. As a direct and proximate result of Defendants' unlawful conduct, Ms. Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
## FAILURE TO INTERVENE

57. Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

58. The Individual Defendants actively participated in the aforementioned unlawful conduct and observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

59. Accordingly, the Individual Defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

60. Individual Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

61. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## MONELL

62. Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

64. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Plaintiffs' rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

66. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Plaintiffs' safety, well-being and constitutional rights.

67. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiffs respectfully request the following relief:

A. An order entering judgment for Plaintiffs against Defendants on each of their claims for relief;

B. Awards to Plaintiffs for compensatory damages against all Defendants, jointly and severally, for their violation of Plaintiffs' Fourth, Fifth, Sixth and Fourteenth Amendment rights, the amount to be determined at jury trial, which Plaintiffs respectfully demands pursuant to FRCP 38;

C. Awards to Plaintiffs of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Plaintiffs' constitutional rights and welfare, the amount to be determined at jury trial, which Plaintiffs respectfully demands pursuant to FRCP 38;

D. Awards to Plaintiffs of the costs and reasonable attorney's fees arising from this action,

DATED: January 13, 2016
New York, New York

/s
Ryan Lozar (RL0229)
305 Broadway, 9th Floor
New York, New York 10007
(310) 867-1562

*Attorney for Plaintiffs*