UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JASMINE BRIDGEFORTH, DELANO
BROADUS, and DAVID FAIRFAX,

                                   Plaintiffs,

               -against-

CITY OF NEW YORK, NYPD Officer JOHN ZERAFA, Tax
No. 919893, individually, NYPD Officer RAFAEL SANCHEZ,
Shield No. 12327, individually, NYPD Officer MOHAMMED
KHANG, Shield No. 18729, individually, NYPD Sergeant
DEMETRIOUS LEE, Shield No. 3087, individually, NYPD
Deputy Inspector LUIS DESPAIGNE, individually, and
JOHN/JANE DOE POLICE OFFICERS 1-5, individually,
                                    Defendants.

------------------------------------------------------------------------x

**ANSWER TO
AMENDED COMPLAINT BY
CITY, ZERAFA, SANCHEZ,
KHANG, LEE & DESAIGNE**

16-CV-273 (WHP)

Jury Trial Demanded

           Defendants City of New York, Detective John Zerafa,[1] Police Officer Rafael

Sanchez, Police Officer Mohammed Khang, Sergeant Demetrious Lee, and Mr. Luis Despaigne,[2]

by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their

answer to the amended complaint, respectfully allege, upon information and belief, as follows:

           1.      Deny the allegations set forth in paragraph "1" of the amended complaint,

except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

           2.      Deny the allegations set forth in paragraph "2" of the amended complaint,

except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

           3.      Deny the allegations set forth in paragraph "3" of the amended complaint,

except admit that plaintiffs purport to base venue as stated therein.

           4.      Paragraph "4" of the amended complaint is a jury demand to which no

response is required.

---

[1] Sued herein as "NYPD Officer John Zerafa."

[2] Sued herein as "NYPD Deputy Inspector Luis Despaigne."

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6.      Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Deny the allegations set forth in paragraph "7" of the amended complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8.      Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Zerafa, Sanchez, Khang, Lee, and Despaigne were employed by the New York City Police Department ("NYPD") on October 9-10, 2014, deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding unidentified officers, and state that whether defendants were acting according to their official duties is a legal conclusion to which no response is required.

9.      State that the allegations set forth in paragraph "9" of the amended complaint are legal conclusions to which no response is required.

10.     State that the allegations set forth in paragraph "10" of the amended complaint are legal conclusions to which no response is required.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19.     Deny the allegations set forth in paragraph "19" of the amended complaint, except admit that, on October 9, 2014, an individual named Necola Sims (Fowler) told numerous police officers that she had been held against her will at 1430 Amsterdam Avenue, Apt 3C, in New York, NY, including being handcuffed to a radiator, that a woman named Gloria was also held there against her will, and that Bridgeforth, Broadus, and others were involved.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint, except admit that Necola informed police officers that she was a sex trafficking victim.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22.     Deny the allegations set forth in paragraph "22" of the amended complaint, except admit that, on October 9, 2014, a number of police officers, including Sanchez, Khang, and Zerafa, investigated Necola's allegations and responded to 1430 Amsterdam Avenue, Apt 3C.

23.     Deny the allegations set forth in paragraph "23" of the amended complaint,

except admit that police officers including Sanchez and Lee were present when officers knocked on the Apartment door in order to investigate Necola's claims, prior to obtaining a search warrant.

24.    Deny the allegations set forth in paragraph "24" of the amended complaint, except admit that Hau-Sans opened the door and that police officers were permitted to look around.

25.    Deny the allegations set forth in paragraph "25" of the amended complaint, except admit that no one named Gloria was found in the apartment and no one was found chained to the radiator of the apartment, and that Kirkland, Hau-Sans, and F.B. were present when the officers entered the apartment, and deny information and belief sufficient to form a belief as to the truth of the allegations regarding when Fairfax left the apartment prior to the officers' entrance and where Bridgeforth and Broadus were.

26.    Deny the allegations set forth in paragraph "26" of the amended complaint.

27.    Deny the allegations set forth in paragraph "27" of the amended complaint.

28.    Deny the allegations set forth in paragraph "28" of the amended complaint.

29.    Deny the allegations set forth in paragraph "29" of the amended complaint.

30.    Deny the allegations set forth in paragraph "30" of the amended complaint, except admit that a search warrant was issued.

31.    Deny the allegations set forth in paragraph "31" of the amended complaint, except admit that Zerafa and other officers executed the search warrant at the Apartment.

32.    Deny the allegations set forth in paragraph "32" of the amended complaint.

33.    Deny the allegations set forth in paragraph "33" of the amended complaint.

34.    Deny the allegations set forth in paragraph "34" of the amended complaint, except admit that electronics were returned to Bridgeforth.

35.     Deny the allegations set forth in paragraph "35" of the amended complaint.[3]

36.     Deny the allegations set forth in paragraph "36" of the amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the amended complaint, except admit that Fairfax was arrested on October 9, 2014.

39.     Deny the allegations set forth in paragraph "39" of the amended complaint, except admit that Bridgeforth was arrested on October 9, 2014, for violation of Penal Law § 260.10 (Endangering the welfare of a child) and Broadus was arrested on October 9, 2014, for violation of Penal Law §§ 135.10 (Unlawful imprisonment), 260.10 (Endangering the welfare of a child), and 120.11 (Assault with intent to cause physical injury).

40.     Deny the allegations set forth in paragraph "40" of the amended complaint, except admit that Bridgeforth, Broadus, and Fairfax were in police custody for one and a half days, until the District Attorney's Office made a decision about prosecution.

41.     Deny the allegations set forth in paragraph "41" of the amended complaint.

42.     Admit the allegations set forth in paragraph "42" of the amended complaint.

43.     Deny the allegations set forth in paragraph "43" of the amended complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "intervening cause for [Fairfax's] arrest[.]"

44.     Deny the allegations set forth in paragraph "44" of the amended complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the amended complaint, and respectfully refer the Court to N.Y. Crim. P. Law § 160.50.

---

[3] Arrest information regarding non-parties is protected by N.Y. Crim. P. Law § 160.50 and information regarding ACS involvement is protected by numerous NY laws.

46.     Deny the allegations set forth in paragraph "46" of the amended complaint.

47.     Deny the allegations set forth in paragraph "47" of the amended complaint.

48.     Deny the allegations set forth in paragraph "48" of the amended complaint.

49.     State that the allegations set forth in paragraph "39" of the amended complaint are not averments of fact that require a response, and respectfully refer the Court to the cited case.

50.     Deny the allegations set forth in paragraph "50" of the amended complaint, and respectfully refer the Court to the "press" referred to therein.

51.     Deny the allegations set forth in paragraph "51" of the amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the amended complaint.

54.     State that the allegations set forth in paragraph "54" of the amended complaint are not averments of fact that require a response; to the extent a response is required, defendants deny the allegations.

55.     State that the allegations set forth in paragraph "55" of the amended complaint are not averments of fact that require a response; to the extent a response is required, defendants deny the allegations.

56.     Deny the allegations set forth in paragraph "56" of the amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the amended complaint.

59.     In response to the allegations set forth in paragraph "59" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

60.     Deny the allegations set forth in paragraph "60" of the amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the amended complaint.

62.     Deny the allegations set forth in paragraph "62" of the amended complaint.

63.     In response to the allegations set forth in paragraph "63" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64.     Deny the allegations set forth in paragraph "64" of the amended complaint.

65.     Deny the allegations set forth in paragraph "65" of the amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the amended complaint.

67.     In response to the allegations set forth in paragraph "67" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the amended complaint.

69.     Deny the allegations set forth in paragraph "69" of the amended complaint.

70.     Deny the allegations set forth in paragraph "70" of the amended complaint.

71.     In response to the allegations set forth in paragraph "71" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

72.     Deny the allegations set forth in paragraph "72" of the amended complaint.

73.     Deny the allegations set forth in paragraph "73" of the amended complaint.

74.     Deny the allegations set forth in paragraph "74" of the amended complaint.

75.     Deny the allegations set forth in paragraph "75" of the amended complaint.

76.     In response to the allegations set forth in paragraph "76" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the amended complaint.

78.     Deny the allegations set forth in paragraph "78" of the amended complaint.

79.     Deny the allegations set forth in paragraph "79" of the amended complaint.

80.     Deny the allegations set forth in paragraph "80" of the amended complaint.

81.     Deny the allegations set forth in paragraph "81" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

82.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

83.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

84.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

85.     There was probable cause and/or reasonable suspicion for plaintiffs' stops, arrests, detentions, and for any prosecutorial steps.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

86.     There was probable cause and/or reasonable suspicion for any search or seizure.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

87.     At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their

discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

88.     At all times relevant to the acts alleged in the complaint, defendants Zerafa, Sanchez, Khang, Lee, and Despaigne acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

89.     Defendants Zerafa, Sanchez, Khang, Lee, and Despaigne have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

90.     Punitive damages cannot be recovered as against the City of New York.

**WHEREFORE,** defendants City of New York, Zerafa, Sanchez, Khang, Lee, and Despaigne request judgment dismissing the amended complaint, as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                September 1, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants City, Zerafa, Sanchez,*
                                    *  Khang, Lee, & Despaigne*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2382


                                    By:    _____/s/_____
                                            Rhiana Swartz
                                            Senior Counsel


To:     Ryan Lozar, Esq.  (VIA ECF)
        *Attorney for Plaintiffs*
        305 Broadway, 9th Fl
        New York, NY 10007