# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JASMINE BRIDGEFORTH, et al.,

                      Plaintiffs,                  **NOTICE OF RULE**
                                                        **30(b)(6) DEPOSITION**
      -against-

CITY OF NEW YORK, et al.,                              No. 16 Civ. 2163 (WHP)

                      Defendants.

------------------------------------------------------------------ X

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff will take the deposition upon oral examination of an individual or individuals designated by Defendant City of New York to testify on its behalf regarding the topics set forth below at the office of Ryan Lozar, Esq., located at 305 Broadway, 10th Floor, New York, New York 10007, on a date mutually agreed upon by the Parties, and continuing from day to day thereafter until such time as it is concluded.

The subject matters of the deposition, of which the person or persons so designated to testify shall have knowledge, relate to the so-called OLPA records produced at DEF8, DEF9, DEF18, DEF19, DEF33 and DEF34, and are the following:

1. The so-called OLPA records in Defendants' production provide a historical record of an arrestee's progress from arrest to arraignment. For example, this record shows the date and time of Plaintiffs' arrest. Then, the record tracks the date and time that various other events occurred. These events include, but are not limited to, the creation of Plaintiff's record, the swearing of a complaint

against Plaintiffs, the delivery of Plaintiffs' "packages" to court, and more. The OLPA record also includes notes that make observations particular to Plaintiffs' arrest to arraignment experience.

2. The so-called OLPA record uses terminology that is not clear to a layperson. For example, it does not make clear what "package" is sent to court. It does not make clear what "received breakdown" means. It does not define what it means when a DA holds a case. These are just examples. Review of the OLPA records makes clear that much of the terminology contained therein is not easily understandable on its face such that a FRCP 30(b)(6) witness is required.

3. The so-called OLPA record is presented as a historical snapshot of Plaintiffs' arrest-to-arraignment experiences. At some point when Plaintiffs were in Defendants' custody, certain entries went missing, a fact that became the subject of comment in the OLPA forms' notes. Insofar as Plaintiffs allege Fourth Amendment rights violations in this case, which include but are not limited to, excessive detention claims, this is an area of relevant study which Plaintiffs must understand, yet cannot absent testimony from an individual with specialized knowledge.

4. Thus, Plaintiff also asks that the FRCP 30(b)(6) witness have knowledge of departmental (NYPD) systems designed to alert employees who may include, but are not limited to, supervisors and/or desk officers, that an arrestee's arrest-to-arraigment delay has begun to threaten unreasonable length. Plaintiff would like information regarding whether and to what extent the arrest-to-


2016 OCT 27 PM 12:13
RECEIVED BY MAIL
COMMUNICATIONS UNIT
NYC LAW DEPARTMENT

arraignment tracking shown in OLPA triggers an alert that an arrestee's custodial processing has become cause for special attention and instructions.

5. The software program(s) in use by the NYPD for tracking and using paper and/or electronic records and data of arrestee arrest-to-arraignment processing times. For example, in the recent news article attached hereto, the New York Times describes the use of a crime-tracking system called Compstat to track and improve the average time it takes to bring a defendant before a judge for arraignment. See James C. McKinley, Jr., New York Courts Cut Time Between Arrest and Arraignment, Mar. 19, 2014, available at: http://nyti.ms/1ih6WBA (last accessed Oct. 23, 2016). Although the article refers to court-initiated tracking, it also alludes to the NYPD's use of the tracking system to contribute its specific, relevant data to the project.

Pursuant to Rules 34 and 30(b)(2) of the Federal Rules of Civil Procedure, the deponent(s) must produce at the deposition originals of any documents that aid in the witness's testimony regarding these subjects.

The subjects touched upon by these documents are the very same topics about which Plaintiff will depose the City-designated individual such that whomever is chosen should have adequate knowledge so as to be able to meaningfully participate in such a proceeding.

Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, the deposition(s) will be recorded by stenographic and/or videographic means. Defense Counsel is invited to attend and cross-examine.

DATED:   October 23, 2016
         New York, New York

_____
Ryan Lozar
305 Broadway, 10th Floor
New York, New York 10007
(310) 867-1562
ryanlozar@gmail.com

Service via US mail and email upon Rhiana Swartz, Esq.

Attachments: DEF8, DEF9, DEF18, DEF19, DEF33, DEF34, article

4

2016 OCT 27 PM 12:15

RECEIVED BY MAIL
COMMUNICATIONS UNIT
NYC LAW DEPARTMENT