# DISTRICT ATTORNEY
## COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

December 12, 2016

**BY ECF**
Honorable William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Bridgeforth, et al., v. City of New York, et al.*, 16 Civ. 273 (WHP)(S.D.N.Y.)

Dear Judge Pauley:

    I am the Assistant District Attorney assigned to this civil discovery matter. I am in receipt of the Parties' joint letter dated November 18, 2016 regarding Plaintiffs' discovery motions in the above-captioned Section 1983 action. The letter was received by the New York County District Attorney's Office (DANY), a non-party to the above action, on or about November 28, 2016. While the letter does not specifically identify all of the records the Parties are seeking to obtain from DANY, Plaintiffs appear to request the following:

    i. Search warrant affidavit
    ii. Statements made by Plaintiffs
    iii. Records faxed to DANY's Early Case Assessment Bureau by Defendant Sanchez
    iv. Complainant's statement to prosecutors
    v. Defendant Sanchez's statement to ADA Nolan
    vi. Transcript/recording of complainant's 911 call
    vii. Aided reports
    viii. Defendants' scratch complaint
    ix. Domestic incident reports
    x. Prisoner rosters, dispatches, and movement slips
    xi. Sealed files of non-party individuals arrested with Plaintiffs

    As an initial matter, DANY does not possess items ii, vii, viii, and x, referenced above, in our files. This Office cannot provide documents that do not exist or that we do not possess.

    DANY agrees to disclose items iii – vi, copies of which have already been provided to Defendants. It is our understanding from speaking to Defendants' counsel, Rhiana Swartz, that she will provide these records to Plaintiffs. DANY will also provide a Domestic Incident Report (DIR) dated October 9, 2014 to Ms. Swartz for her review and privilege determination, if any.

For the reasons set forth below and in accordance with Rule 45 of the Federal Rules of Civil Procedure and Rule 26.2(a) of the Local Rules of the Southern District of New York, DANY objects to production of items i, ix (other than the October 9, 2014 report), and xi.

*Search warrant affidavit:*

The search warrant affidavit has been sealed by court order. In the last paragraph of the search warrant order (which has been provided to Defendants' counsel) the Court writes: "IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed". In addition, the order states that the affidavit may only be disclosed by an assistant district attorney "pursuant to a criminal investigation and/or prosecution, or upon written order of the Court". Therefore, absent an unsealing order from the court that issued the search warrant, the affidavit remains sealed and cannot be disclosed by DANY.

*Domestic incident reports:*

These documents were generated by the New York City Police Department; an agency whose employees are party to the above-referenced litigation. In the instant matter, DANY is a non-party. Under these circumstances, Plaintiffs should obtain these documents from the agency that created the documents. See, Thomas v. City of Mount Vernon, 1990 U.S. Dist. LEXIS 3036, at *4 (S.D.N.Y. March 21, 1990) (Keenan, J.) (in suit against NYC and police officers, denying motion compelling non-party District Attorney's office to comply with subpoena requesting police documents where plaintiff did not explain why information sought could not be obtained directly from police department); Cruz v. Kennedy, 1998 U.S. Dist. LEXIS 15599, at *21 (S.D.N.Y. September 30, 1998) (Wood, J.) (denying motion seeking production of medical records obtained by non-party DANY, where the party seeking disclosure offered no explanation for failure to seek records from original sources, and noting that desire to save time and expense of subpoenas to original sources was insufficient basis to allow [requesting party] to short cut the normal discovery process").

Moreover, separate investigative agencies may have independent grounds for resisting disclosure by asserting privileges. A party has standing to move to quash a subpoena duces tecum served upon a third party if that party can assert some personal right or privilege with respect to the documents sought. Polumbo v. Shulman, 1998 U.S. Dist. LEXIS 16009, at *4 (S.D.N.Y. October 9, 1998) (Fox, J.) (ruling that defendants had standing to object to third-party subpoena because they had a personal privacy interest in the materials requested). As a result, the party with such an interest must be afforded a chance to assert those privileges and Plaintiffs cannot be permitted an end-run around litigation of these privileges simply because copies of those documents are in DANY's file.

Finally, other than the October 9, 2014 DIR, these documents are not related to the arrest of Plaintiffs or the execution of the search warrant at issue. Not only do the incidents described in the DIRs take place between several months and 13 years prior to the arrest in the instant case, but said reports also involve individuals other than the Plaintiffs or even those arrested with Plaintiffs. DANY obtained these records as part of the investigation in order to aid the prosecutor in assessing the case and it is our position that these records are sealed.[1]

---

[1] See New York Criminal Procedure Laws §§160.50(1)(c), (3)(i) and §1.20(18).

*Sealed files of non-party individuals arrested with Plaintiffs:*

As Plaintiffs concede, DANY's files related to the other individuals arrested with Plaintiffs are sealed. While Plaintiffs have provided unsealing waivers for their own case file, those waivers do not authorize the release of records related to other uncharged individuals. See Katherine B. v. Cataldo, 5 N.Y.3d 196 (2005) (holding that the enumerated exceptions for unsealing records "are precisely drawn" and may not be expanded upon by a court in the interest of justice). Moreover, even if a case falls within one of these exceptions, a court order to unseal a criminal case file sealed under C.P.L. § 160.50 must be made by motion before a judge of the criminal court that had jurisdiction over the case. See Lauricella v. Tanya Towers, 8 A.D.3d 153 (1st Dept. 2004). Given the fact that part of the file remains sealed, DANY is statutorily barred from producing any materials contained in the file which relate to the non-party individuals arrested with Plaintiffs.

Thank you for your consideration in this matter. If you have any questions, please do not hesitate to contact me directly.

Respectfully yours,

Thandiwe Gray
Assistant District Attorney

cc:   All parties (by ECF)