

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ELIZABETH BARDAUSKIS
Assistant Corporation Counsel
phone: (212) 356-3159
fax: (212) 356-3509
ebardaus@law.nyc.gov

October 6, 2017

**BY ECF**
Honorable William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:      <u>Jasmine Bridgeforth, et al. v. City of New York, et al.</u>
                16-CV-273 (WHP) (RLE)

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and am assigned to represent Defendants City of New York, Detective John Zerafa, Police Officer Rafael Sanchez, Police Officer Mohammed Khan, Sergeant Demetrious Lee, and Retired Deputy Inspector Luis Despaigne (hereinafter referred to collectively as "Defendants") in the above-referenced matter. In accordance with Section III(A) of Your Honor's Individual Practices, Defendants write to respectfully request: (1) a Pre-motion Conference to discuss Defendants' anticipated motion for summary judgment[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure; and (2) that any pre-trial matters be stayed in their entirety pending the outcome of the anticipated motion.

        By way of factual background that is not subject to dispute, Plaintiffs Bridgeforth, Broadus, and Fairfax (hereinafter referred to collectively as "Plaintiffs") were arrested after a complaining victim reported that she had been held against her will in Bridgeforth's apartment, by Plaintiffs and others, for several hours, and that she had been physically assaulted, threatened, and made to pose for online pornography. The complaining victim also reported that a young

---

[1] In addition to moving on the claims discussed herein, Defendants also intend to move on Plaintiffs' failure to intervene claim as well as upon qualified immunity grounds. Due to space limitations, Defendants have not set forth their grounds to move based upon the aforementioned, but will be prepared to discuss at any conference that may be scheduled.

woman named "Gloria" was also being held against her will in the apartment.[2] Plaintiffs were identified by the complaining victim and arrested, however, due to the victim's allegations concerning "Gloria" being held involuntarily, the police continued to investigate the complaining victim's allegations. A search warrant was obtained and executed later that day. Three wigs, handwritten pieces of paper containing directions and hourly rates at the Harlem Vista Hotel, a location well-known for prostitution, postcard flyers with weekly rental prices, cell phones, and a laptop computer were recovered. In any event, the New York County District Attorney's Office declined to prosecute the case, and Plaintiffs were released prior to arraignment.

### A. False Arrest

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest…'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). It is well-established that a law enforcement official has "probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" Wieder v. City of New York, 569 F. App'x 28, 29 (2d Cir. 2014) (quoting Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006)). Moreover, when an officer possesses facts sufficient to establish probable cause, the officer is "neither required nor allowed to continue investigating, sifting and weighing information." Panetta v. Crowley, 460 F.3d 388, 398 (2d Cir. 2006). In this case, there was probable cause for Police Officer Rafael Sanchez to arrest Plaintiffs based on the allegations of the complaining victim. See Arrest Reports of Plaintiffs, annexed hereto as Exhibit A ("Ex. A"). Furthermore, although the officers would not have been required to accept Plaintiff's avowals of innocence, Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003), none of the Plaintiffs provided the officers with any information that would cast doubt on the complainant's veracity prior to their arrest. As such, there was probable cause for the arrest.

### B. Unlawful Search

Defendants are also entitled to summary judgment on Plaintiffs' unlawful search claim. "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape." Chimel v. California, 395 U.S. 752, 762-63 (1969). Therefore, any search of Plaintiffs' persons, conducted incident to their arrests, was valid. Concerning the alleged unlawful search of Plaintiff Bridgeforth's apartment, any initial search of her apartment was pursuant to the plain view doctrine, and any search subsequent to her arrest was pursuant to a valid search warrant.[3] United States v. Rudaj, 390 F. Supp. 2d 395, 402 (S.D.N.Y. 2005); United States v. Perez, 247 F. Supp. 2d 459, 476 (S.D.N.Y. 2003). Accordingly, Plaintiffs' unlawful search claim fails.

---

[2] This is by no means an exhaustive list of the complaining victim's statements to police, or a full recitation of the facts of this case.

[3] Defendants submit that neither Fairfax nor Broadus were legal residents of the apartment and did not have any reasonable expectation of privacy in the premises, and as such, do not have standing to challenge the search. Rakas v. Illinois, 439 U.S. 128, 143 (1978).

### C. Fabrication of Evidence[4]

A denial of a fair right to trial claim is restricted to those cases "in which an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." Ashique Soomro v. City of New York, et al., 13- cv-187 (DLC) (S.D.N.Y. May 10, 2017), quoting Garnett v. Undercover Officer C0039, 838 F. 3d 265, 279 (2d Cir. 2016). The alleged fabrications must be both material (i.e., likely to influence a jury's decision), and the legally cognizable cause of the injury to Plaintiff's liberty interest. Hoyos v. City of New York, 10 CV 4033 (NG) (VVP), 2013 U.S. Dist. LEXIS 185630, *33-44 (E.D.N.Y. Dec. 11, 2013). Creating arrest documents and forwarding them to a District Attorney's Office is not a cognizable claim. Horvath v. City of New York, No. 12-CV-6005 (RJD) (MDG), 2015 U.S. Dist. LEXIS 51029, at **15-17 (E.D.N.Y. Apr. 17, 2015).

Importantly, Plaintiffs never once went before a judge or jury in their underlying criminal cases, as the District Attorney declined to prosecute, as such, the claim fails on that basis alone. Furthermore, Police Officer Mohammed Khan, Sergeant Demetrious Lee, and Retired Deputy Inspector Luis Despaigne never forwarded any information to any prosecutor, and thus could not have potentially influenced a jury's decision or caused Plaintiffs to suffer a cognizable constitutional deprivation. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997). With respect to any claim against Police Officer Sanchez, the arresting officer, and Detective John Zerafa, the officer who drew up the search warrant application, Plaintiffs have adduced no evidence to demonstrate that any material information supplied to the District Attorney by either defendant officer was false or fabricated. Finally, Plaintiffs did not suffer a deprivation of liberty as a result of any evidence fabricated by the defendants, since it cannot be genuinely disputed that they were arrested based on the allegations of the complaining victim. Accordingly, Plaintiffs' claim fails.

### D. Municipal Liability and Monell Claims

The City is entitled to summary judgment on plaintiff's municipal liability and Monell claims. In order to prove a claim against a municipality under § 1983, a plaintiff must demonstrate that a deprivation of his constitutional rights was caused by an official policy or custom of that municipality. Monell v. Department of Social Services, 436 U.S. 658, 692-94 (1978). To prove a Monell claim, a plaintiff must establish a causal connection—"an affirmative link"—between the purported policy and deprivation of his constitutional rights. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (internal citations omitted). Here, because Plaintiffs have not demonstrated an underlying violation of any of their constitutional rights, there can be no basis for a claim of municipal liability. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Further, Plaintiffs have not identified a policy or practice that allegedly resulted in the violation of their constitutional rights.

---

[4] For the purposes of the anticipated motion, Defendants construe Plaintiffs' "Fabrication of Evidence" claim with the framework analysis of a denial of a fair right to trial claim.

### E. Conclusion

In light of the foregoing, Defendants respectfully request that the Court schedule a pre-motion conference in furtherance of their anticipated motion for summary judgment, at a date and time convenient to the Court. Defendants thank the Court for its time and consideration in this regard.

Respectfully submitted,

/s/

Elizabeth Bardauskis
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Ryan Lozar, Esq. (Via ECF)
　　*Attorney for Plaintiffs*