The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax 1-877-666-4456
ryanlozar@gmail.com
www.ryanlozar.com



December 14, 2017

Re: <u>Bridgeforth, et al., v. City of N.Y., et al.</u>, No. 16 Civ. 273 (WHP)

Dear Judge Pauley:

     I represent Plaintiffs in the above-captioned Section 1983 litigation alleging, among other things, that Defendants falsely arrested them in reliance upon a facially incredible allegation that police investigation affirmatively discredited even before Defendants took Plaintiffs into custody. Yesterday, Defendants moved to extend the summary judgment briefing schedule by one week as to all deadlines. <u>Docket No. 69</u>. They noted in a footnote to that motion that Plaintiffs had not yet provided their view on the matter because of a still-unresolved discovery dispute relevant to the Parties' preparedness for summary judgment briefing, <u>i.e.</u>, Defendants' serious and concerning failure to comply with the Court's October 2017 investigative, disciplinary and sanction file-production Order. As discussed herein, after telling the Court and Counsel for more than a year that producing certain files would be unduly burdensome due to their volume, Defendants have now produced 27 sheets of paper to Plaintiffs while claiming that this is the complete universe of files. If true, Defendants' consistent and repeated representations over the course of this litigation regarding an unmanageable file-production burden appears to have been designed to obscure a different situation, and Plaintiffs would have tailored this aspect of discovery differently had they benefitted from candor regarding these facts.

     First, I have no objection to Defendants' extension motion at <u>Docket No. 69</u>.

     Next, I would like to briefly address the discovery dispute referenced in the footnote in Defendants' extension motion, and ask the Court's help resolving it. This will be the third time the matter is brought before the Court, which deals with Defendants' failure to produce investigative, disciplinary and sanction files relating to allegations of similar officer misconduct ("files"). Previously, I have twice raised Defendants' failure to produce the files. <u>Docket Entry 7/13/2017</u>; <u>Docket Entry 10/20/2017</u>. On both occasions, Defendants represented to the Court that they would produce the files without a Court Order, and most recently, the Court directed Defendants to produce the files by December 1, 2017. <u>Docket No. 68</u>.

     The Parties have discussed the matters addressed in this letter response, most recently by telephone for over an hour earlier today. In the event the Court would like to see the Parties for conference in person or by telephone and has any calendar openings itself, the Parties are mutually available on December 19, from 12pm onward, and on December 21, from 1pm onward. On the Court's request, the Parties will submit additional mutually agreeable dates after the New Year.

        As the Court is already familiar with the discovery issue, I will provide only a brief summary of the relevant facts relating to the file production dispute.

1. In September 2016, Plaintiffs served Defendants with a discovery request for files corresponding to entries on officer CCRB, IAB and CPI indices (the Defendants identified which of these entries were relevant here).

2. Between September 2016 and June 2017, Defendants did not produce the files. The Parties conferred at length about the dispute to no avail.

3. In June 2017, Plaintiffs asked the Court to direct Defendants to produce the files. Docket No. 57.

4. At a July 2017 conference, Defendants represented to the Court that they would produce the files, which rendered an Order unnecessary. Docket Entry 7/13/2017.

5. Between July 2017 and October 2017, Defendants did not produce the files.

6. In October 2017, Plaintiffs returned to the Court to ask it to direct Defendants to produce the files. Docket No. 62.

7. In October 2017, Defendants represented to the Court a second time that they would produce the files, and the Court directed Defendants to produce them by a date certain before the Parties' summary judgment briefing schedule began. Docket No. 65.

8. One week ago, Defendants delivered to my office 27 pages of discovery containing little to no substantive content, and announced that these were the files. These 27 pages appear in whole or in their near-entirety to be cover pages referencing unproduced files.[1]

9. Defendants' 27-page production corresponds only to one single Defendant. Even as to him, the pages correspond to less than 50% of the incidents that appear on his index.

        In the Parties' informal conference, Defendants have argued that the Court did not order them to produce the disputed files. Perhaps obviously, I remember the opposite. As corroborative evidence of that recollection, I cite the Court's deadline for Defendants' production of files, Docket No. 65, as well as Defendants' motion to extend that deadline, Docket No. 67.

        Defendants have also argued that they did not produce the files because they do not believe that Plaintiffs' Monell claim has merit. While I believe that Plaintiffs do have a viable

---

[1] For completeness, I note that Defendants actually produced eight-four sheets of paper; however, these contained up to five duplicates of many documents. After deduplication, twenty-seven pages of original content remained.

<u>Monell</u> claim, I note that the files are also relevant as potential FRCP 404(b) evidence. In addition, I disagree that Defendants have the option to not comply with the Court's Order based on their own opinion of claims' and/or defenses' potential strengths and weaknesses.

Most confusingly, Defendants argue that the 27 sheets of paper constitute the complete file production. I do not think this is possible for various reasons, chief among them Defendants' previous argument to the Court that it would be unduly burdensome for them to produce the files. If the 27 pages in production is truly the universe of responsive records, then Defendants' eleventh-hour "no responsive records" disclosure, made after leading the Court and Plaintiffs to believe for more than a year that there was a crush of responsive records, materially steered discovery to artificially look in one direction when appropriate candor would have had discovery aim elsewhere.

Finally, to the extent that Defendants continue to insist that the City fails to keep any track of the nature or disposition of a vast majority of misconduct allegations, I ask that the Court permit me to take a Rule 30(b)(6) deposition relating to the meaning of CCRB/IAB/CPI indices' acronyms and abbreviations, departmental complaint-recording practices, departmental investigative and record-retention practices, and more, to better understand how it could possibly be that the number of investigative pages corresponding to allegations of misconduct made against an officer (1) would be nearly coextensive with the overall number of misconduct allegations made against him, particularly when some of the limited misconduct allegations known are very grave, and (2) contain virtually no information about the nature and disposition of the misconduct investigation.

I sincerely do move the Court for permission to draft and serve a FRCP 30(b)(6) deposition, and examine the City's appointed witness, if it is in fact true that 27 pages of discovery constitutes all files. That would mean that Defendants have, for more than a year, declined to produce anything in this category of discovery on excuse of burden, only to release what amounts to a no-responsive-records response on the very eve of summary judgment motion practice. In my view, the fact and timing of this stunning about-face after such different representations were made to the Court and Counsel for such a long period of time seems designed to deliberately deprive Plaintiffs of discovery tailored to the actual factual landscape at issue in this case.

Thank you,

Ryan Lozar