UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JASMINE BRIDGEFORTH, DELANO
BROADUS, and DAVID FAIRFAX,

                                        Plaintiffs,

            -against-

CITY OF NEW YORK, NYPD Officer JOHN ZERAFA,
Tax No. 919893, individually, NYPD Officer RAFAEL
SANCHEZ, Shield No. 12327, individually, NYPD Officer
MOHAMMED KHANG, Shield No. 18729, individually,
NYPD Sergeant DEMETRIOUS LEE, Shield No. 3087,
individually, NYPD Deputy Inspector LUIS DESPAIGNE,
individually, and JOHN/JANE DOE POLICE OFFICERS
1-5, individually,

                                        Defendants.

------------------------------------------------------------------------x

**DEFENDANTS'
STATEMENT OF
MATERIAL FACTS
PURSUANT TO LOCAL
CIVIL RULE 56.1**

16-CV-273 (WHP)

Defendants City of New York, Detective John Zerafa,[1] Police Officer Rafael

Sanchez, Police Officer Mohammed Khan,[2] Sergeant Demetrios Lee, and retired Deputy Inspec-

tor Luis Despaigne[3] (hereinafter "Defendants") submit the following statement pursuant to Local

Civil Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and

Eastern District of New York, to set forth material facts as to which they contend there are no

genuine issues to be tried.[4]  The exhibits referenced herein, unless otherwise noted, are annexed

---

[1] Sued herein as "NYPD Officer John Zerafa."

[2] Sued herein as "NYPD Officer Mohammed Khang."
[3] Sued herein as "NYPD Deputy Inspector Luis Despaigne."
[4] The material facts set forth herein are adopted only for purposes of Defendants' motion for Summary
Judgment.  See Local Civil Rule 56.1(c) (facts admitted only "for the purposes of the motion").
Defendants reserve the right to assert different and/or conflicting facts at trial.  See Vasconcellos v. City
of New York, No. 12 Civ. 8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9,
2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without
suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied
nor can it be admitted in evidence at trial.").

to the accompanying Declaration of Elizabeth Bardauskis dated December 15, 2017 ("Bardauskis Decl.").

1.      Plaintiffs Jasmine Bridgeforth, Delano Broadus, and David Fairfax filed a First Amended Complaint on or about April 29, 2016 against Defendants City of New York, Detective John Zerafa, and Police Officer Rafael Sanchez, Police Officer Mohammed Khan, Sergeant Demetrios Lee, and Mr. Luis Despaigne. (See First Amended Complaint, filed on April 29, 2016 (hereinafter "Am. Compl.," annexed to the Bardauskis Decl. as "Exhibit C," see also Civil Docket Report, annexed to the Bardauskis Decl. as Exhibit "E," at Document No. 18).

**Complaining Victim's Report**

2.      On October 9, 2014, at approximately 2:33 a.m., complaining victim Sims made a 911 call, which was transmitted as a 10-34, or "assault in progress." (See NYPD Complaint Follow-Up Informational (hereinafter "Opening/Callout DD5"), dated October 14, 2014, pertaining to Plaintiffs' arrest on October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "S"; NYPD Sprint Report pertaining to October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "T").

3.      On October 9, 2014, in making her report, Sims told police officers that she had gone to 1430 Amsterdam Avenue, Apartment 3C - Bridgeforth's apartment - to party and that she had been held at knifepoint by Broadus (specifically that Broadus put a knife to her neck), that she been made to wear provocative clothing in order to be made into a prostitute, that she was handcuffed to a radiator in a bedroom, along with a naked black female named "Gloria," who appeared to be a teenager. (NYPD Omniform Arrest Report pertaining to Plaintiff Jasmine Bridgeforth's October 9, 2014 arrest, Arrest Report No. M14688580 (hereinafter "Bridgeforth Arrest Report") and Omniform Arrest Complaint (hereinafter "Bridgeforth Complaint Report"),

Complaint No. 2014-026-03122, collectively annexed to the Bardauskis Decl. as Exhibit "P;" NYPD Omniform Arrest Report pertaining to Plaintiff Delano Broadus' arrest on October 9, 2014, Arrest No. M14688589 (hereinafter "Broadus Arrest Report") and NYPD Omniform Arrest Complaint (hereinafter "Broadus Complaint Report"), Complaint No. 2014-026-03123, collectively annexed to the Bardauskis Decl. as Exhibit "R;" Opening/Callout DD5, Exhibit "S" to the Bardauskis Decl.; Transcript of the Deposition of Police Officer Rafael Sanchez, taken on April 17, 2017, (hereinafter "Sanchez Dep."), annexed to the Bardauskis Declaration as Exhibit "J", at 27-28:25-16).

4.     At the time of the reporting, Sims also alleged that she was told she needed to make hits on Craigslist, or else she was going to be sent to Hunts Point. (Opening/Callout DD5, Exhibit "S" to the Bardauskis Decl.; Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 27-28:25-16).

5.     Hunts Point is an area known for prostitution. (Opening/Callout DD5, Exhibit "S" to the Bardauskis Decl.; Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 35:21-25).

6.     Sims indicated that three males and two females were present in Bridgeforth's apartment during the time that she was held, including Bridgeforth and a French woman. (Deposition of Delano Broadus, taken on April 4, 2017 (hereinafter "Broadus Dep."), annexed to the Bardauskis Decl. as Exhibit "G," at 49:7-13, 52-53:20-13, 63:13-20; 52-53:20-13; Transcript of the Deposition of Jasmine Bridgeforth, taken on September 13, 2017 (hereinafter "Bridgeforth Dep."), annexed to the Bardauskis Decl. as Exhibit "F," at 31:5-7; Sanchez Dep., annexed to the Bardauskis Declaration as Exhibit "J," at 27-28:25-16; 29:15-23; 35:5-25; 36:2-7; Transcript of the Deposition of Detective John Zerafa, taken on April 25, 2017, (hereinafter "Zerafa Dep."), annexed to the Bardauskis Declaration as Exhibit "I", at 17:8-24; Transcript of the Deposition of

non-party Lieutenant Michael Guenther, taken on June 7, 2017, (hereinafter "Guenther Dep."), annexed to the Bardauskis Declaration as Exhibit "K", at 5:12-23, 8-9:17-22, 13:10-22).

7.       Sims alleged that Fairfax was also present inside the subject apartment at 1430 Amsterdam Avenue during the time of the acts alleged and that he refused to allow her to leave as she was held by knifepoint. (NYPD Omniform Arrest Report pertaining to Plaintiff David Fairfax's arrest on October 9, 2014, Arrest Nos. M14688550 and M14688561 (hereinafter "Fairfax Arrest Report"); NYPD Omniform Arrest Complaint (hereinafter "Fairfax Complaint Report No. 2014-026-03115"), Complaint No. 2014-026-03115; and NYPD Omniform Arrest Complaint (hereinafter "Fairfax Complaint Report No. 2014-026-03113"), Complaint No. 2014-026-03113, collectively annexed to the Bardauskis Decl. as Exhibit "O."

8.       Sims also stated to police that Broadus and Bridgeforth punched her repeatedly with a closed fist, resulting in swelling to the left side of her lip, as well as a laceration and injury to her left eye. (Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 26:20-24; Bridgeforth Arrest Report and Bridgeforth Complaint Report, Exhibit "P" to the Bardauskis Decl.; Broadus Arrest Report, Broadus Complaint Report, and NYPD Domestic Incident Report ("Broadus DIR") pertaining to Plaintiff Delano Broadus' October 9, 2014 arrest, collectively annexed as Exhibit "R" to the Bardauskis Decl.; NYPD Aided Report for Necola Sims, as reported on October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "U").

9.       Bridgeforth and Sims had a physical altercation on October 8, 2014, described as a "fist fight" by Plaintiff Broadus, as a result of which Bridgeforth had a swollen hand. (Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 26:4-24; Broadus Dep., Exhibit "G" to the Bardauskis Decl., at 41-43:22-2; Relevant Excerpts of Memobook of Police Officer Rafael Sanchez (hereinafter "Sanchez Memobook") for October 9, 2014, annexed to the Bardauskis

Decl. as Exhibit "Z;" Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 98-99:24-17; 100-101:11-18).

10.     Sims further reported to police that Plaintiffs Bridgeforth and Broadus had a child less than four years of age, who was present in the apartment. (Broadus Arrest Report, Exhibit "R" to the Bardauskis Decl.; Bridgeforth Arrest Report, Exhibit "P" to the Bardauskis Decl.; Broadus Dep., Exhibit "G" to the Bardauskis Decl., at 39-40:24-4).

11.     Following Plaintiffs' arrests, it was determined that "Gloria" did not exist. (NYPD Unusual Occurrence Report, Exhibit "M" to the Bardauskis Decl.; Guenther Dep., Exhibit "K" to the Bardauskis Decl., at 54-55:8-17, 56 6-11; Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 143:16-25).

**First Entry into Apartment 3C**

12.     On October 9, 2014, at approximately 2:50 a.m., in response to the 911 call and the account provided by Sims, Officers Sanchez and Khan, and Sergeant Lee arrived at Bridgeforth's apartment. (Sanchez Memobook, Exhibit "Z" to the Bardauskis Decl; Relevant Excerpts of Memobook of Sergeant Demetrios Lee (hereinafter "Lee Memobook") for October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "CC;" Relevant Excerpts of Memobook of Police Officer Mohammed Khan (hereinafter "Khan Memobook") for October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "BB").

13.     Police Officer Sanchez, non-party Lieutenant Guenther, and several non-party police officers from NYPD Police Service Area 6 (hereinafter "PSA 6") and the 26th Precinct knocked on Bridgeforth's door, loudly, for an extended period of time, and after receiving no response, the NYPD's Emergency Services Unit (hereinafter "ESU") was called. (NYPD Unusual Occurrence Report, Exhibit "M" to the Bardauskis Decl.; Sanchez Dep., Exhibit "J" to

the Bardauskis Decl., at 37-40:6-20; 51:7-16; Guenther Dep., Exhibit "K" to the Bardauskis Decl., at 14:19-25; 15:22-24; 16-17:12-4; 21:4-17).

14.     After ESU was called, but before they arrived, non-party Sara Hau-Sans voluntarily opened the door and permitted officers to "look around." (Am. Compl., Exhibit "C" to the Bardauskis Decl., at ¶24; Sanchez Memobook, Exhibit "Z" to the Bardauskis Decl.).

15.     In light of Sims' account, officers searched the apartment to ensure the safety of the child and "Gloria," who were allegedly inside the apartment. (Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 48:21-23; 50:4-9; 142-143:23-11; Sanchez Memobook, Exhibit "Z" to the Bardauskis Decl.; Guenther Dep., Exhibit "K" to the Bardauskis Decl., at 15:8-21; 25:9-12).

16.     Officers observed F.B., who was approximately three years old, inside of Bridgeforth's apartment with non-parties Hau-Sans and Kirkland. F.B.'s parents - Bridgeforth and Broadus - were not in the apartment. (Am. Compl., Exhibit "C" to the Bardauskis Decl., at ¶25; Relevant Excerpts of Memobook of non-party Police Officer Kelly Rourke, (hereinafter "Rourke Memobook") for October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "DD"; Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 82:7-16; 84:1-3; Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 55-56:10-7; 136:2-24; NYPD Unusual Occurrence Report, Exhibit "M" to the Bardauskis Decl.; Broadus Dep., Exhibit "G" to the Bardauskis Decl., at 40:14-25; Transcript of the Deposition of Plaintiff David Fairfax, taken on March 31, 2017, (hereinafter "Fairfax Dep."), annexed to the Bardauskis Decl. as Exhibit "H," at 41:23-25).

17.     At approximately 5:17 a.m. on October 9, 2014, F.B. was transported to St. Luke's Hospital for a wellness check, and was later placed in the custody of the New York City Administration for Children's Services ("ACS"), a non-party to this suit. (Rourke Memobook,

Exhibit "DD" to the Bardauskis Decl.; Broadus Dep., Exhibit "G" to the Bardauskis Decl.; at 51:13-18; Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl.; at 32:16-22).

18.   Handwritten pieces of paper containing directions to the Harlem Vista Hotel, a well-known location for prostitution, postcard flyers for hourly rates of rooms, and two cell phones were recovered from the window sill of Plaintiff Bridgeforth's bedroom, and vouchered by Officer Sanchez as investigatory items. (NYPD Property Clerk Invoices, Invoice Nos. 1000562052 and 1000561836, pertaining to Plaintiffs' October 9, 2014 arrests, and including copies of notes themselves, annexed to the Bardauskis Decl. as Exhibit "V"; Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 74-75:6-6).

19.   Detective Zerafa was not present during the first entry into Bridgeforth's apartment, and had no contact whatsoever with the complaining victim, Plaintiffs, or any non-parties until after Plaintiffs' arrests. (Zerafa Dep., Exhibit "I" to the Bardauskis Decl., at 14-16:12-5; Relevant Excerpts of Memobook of Detective John Zerafa (hereinafter "Zerafa Memobook") for October 9, 2014 incident, annexed to the Bardauskis Decl. as Exhibit "AA"; Bridgeforth Arrest Report, Exhibit "P" to the Bardauskis Decl.; Broadus Arrest Report, Exhibit "R" to the Bardauskis Decl.; Fairfax Arrest Report, Exhibit "O" to the Bardauskis Decl.).

20.   Deputy Inspector Despaigne was not present during the first entry into Bridgeforth's apartment, and was not involved in the arrests of Plaintiffs. (Bridgeforth Arrest Report, Exhibit "p" to the Bardauskis Decl.; Broadus Arrest Report, Exhibit "R" to the Bardauskis Decl.; Fairfax Arrest Report, Exhibit "O" to the Bardauskis Decl.; Guenther Dep., Exhibit "K" to the Bardauskis Declaration, at 39:10-20).

**Plaintiffs' Arrest on October 9, 2014**

21.     On October 9, 2014, at approximately 8:10 a.m., Bridgeforth was arrested by Police Officer Sanchez at her apartment on charges of Endangering the Welfare of a Child. (N.Y. Penal Law 260.10 (01)). (Bridgeforth Arrest Report, Exhibit "P" to the Bardauskis Decl.).

22.     On October 9, 2014, at approximately 8:10 a.m., Broadus was arrested by Police Officer Sanchez at Bridgeforth's apartment on charges of Unlawful Imprisonment in the First Degree (N.Y. Penal Law 136.10); Endangering the Welfare of a Child (N.Y. Penal Law 260.10 (01); and Assault with Intent to Cause Physical Injury (N.Y. Penal Law 120.00(01)). (Broadus Arrest Report, Exhibit "R" to the Bardauskis Decl.).

23.     On October 9, 2014, Fairfax was arrested by Police Officer Sanchez on charges of Unlawful Imprisonment in the First Degree. (N.Y. Penal Law 136.10), and Criminal Contempt in the Second Degree (N.Y. Penal Law 215.50(06)). (Fairfax Arrest Report, Exhibit "O" to the Bardauskis Decl.).

24.     Bridgeforth never spoke to any officer prior to being arrested. (Bridgeforth Dep., Exhibit "P" to the Bardauskis Decl., at 89:17-19).

25.     Bridgeforth never communicated that Sims allegedly saw her and Broadus having sex until after she was questioned at the precinct following her arrest. (Bridgeforth Dep., Exhibit "P" to the Bardauskis Decl., at 88-89:22-8; Guenther Dep., Exhibit "K" to the Bardauskis Decl., at 10:14-20).

26.     Prior to being arrested and being transported to the precinct, Broadus did not inform police officers of his relationship history with Sims, or any other details related to Sims. (Broadus Dep., Exhibit "G" to the Bardauskis Decl., at 51-52:13-9).

27.     Detective Zerafa, Officer Khan, Sergeant Lee, or Deputy Inspector Luis Despaigne, did not arrest Plaintiffs or the non-parties. (Zerafa Memobook, Exhibit "AA" to the Bardauskis Decl.; Khan Memobook, Exhibit "BB" to the Bardauskis Decl.; Lee Memobook, Exhibit "CC" to the Bardauskis Decl.).

**Interviews**

28.     On October 9, 2014, at approximately 11:00 a.m., Police Officer Sanchez re-interviewed Sims. (Sanchez Memobook, Exhibit "Z" to the Bardauskis Decl.).

29.     On October 9, 2014, Detective John Zerafa interviewed Sims in regard to her being a victim of possible sex trafficking. ("Opening/Callout DD5", Exhibit "S" to the Bardauskis Decl.).

30.     During Zerafa's interview of Sims, she provided a description of the subject location and evidence that might be found there. (NYPD Memorandum re: Search Warrant Request Application, annexed to the Bardauskis Decl. as Exhibit "W").

31.     Sims further stated to Detective Zerafa, in sum and substance, that Broadus told Sims and "Gloria," "You two bitches are gonna be my new bitches" and that they would be taken to Hunts Point if they did not earn enough. (Opening/Callout DD5, annexed to the Bardauskis Decl. as Exhibit "S;" Broadus DIR, Exhibit "R" to the Bardauskis Decl.).

32.     Sims further stated to Detective Zerafa, in sum and substance, that she escaped and called 911 when she was uncuffed in order to go to the bathroom. (Opening/Callout DD5, Exhibit "S" to the Bardauskis Decl.).

33.     Detective Zerafa transported Sims to the New York County District Attorney's Office ("DANY") to be interviewed by the prosecutor assigned to the case. (Zerafa Memobook, Exhibit "AA" to the Bardauskis Decl.; Zerafa Dep., Exhibit "I" to the Bardauskis Decl., at 28:5-

15; 67:2-24; NYPD Complaint Follow-Up Informational (hereinafter "Search Warrant Application DD5"), dated October 20, 2014, pertaining to Plaintiffs' arrest on October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "W").

34.    On October 9, 2014, at approximately 8:30 a.m., Det. Zerafa interviewed Plaintiffs at the precinct, as well as non-parties Sara Hau-Sans and Eric Kirkland, following their arrests. (Zerafa Dep., Exhibit "I" to the Bardauskis Decl., at 14-16:12-5; Zerafa Memobook, Exhibit "AA" to the Bardauskis Decl.).

35.    Officers Sanchez and Khan, Sergeant Lee, and/or Deputy Inspector Despaigne, did not participate in the questioning of Bridgeforth, Broadus, or Fairfax. (Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 71:4-9; Sanchez Memobook, Exhibit "Z" to the Bardauskis Decl.; Khan Memobook, Exhibit "BB" to the Bardauskis Decl.; Lee Memobook, Exhibit "CC" to the Bardauskis Decl.).

**Search Warrant**

36.    On October 9, 2014, in reliance upon Sims' account, Detective Zerafa obtained a search warrant to search Bridgeforth's apartment.    The search warrant was issued by the Honorable Steven M. Statsinger of the Criminal Court of the State of New York, New York County, bearing search warrant number 1066-2014. (Search Warrant, Criminal Court of the State of New York, New York County, #1066-2014, annexed to the Bardauskis Decl. as "Exhibit X").

37.    The search warrant did not contain any mention of locks, bars, or sensors installed by Plaintiffs Bridgeforth and Broadus. (Search Warrant, Exhibit "X" of the Bardauskis Decl.).

38.    On October 9, 2014, at approximately 9:45 p.m., Detective Zerafa and members of the NYPD Vice Major Case/Human Trafficking Team executed a search warrant at Bridgeforth's apartment in regard to a sex trafficking investigation. (NYPD Complaint Follow-

Up Informational (hereinafter "Search Warrant Execution DD5"), dated October 23, 2014, pertaining to Plaintiffs' arrest on October 9, 2014, annexed to the Bardauskis Decl. as Exhibit "W"; Zerafa Memobook, Exhibit "AA" to the Bardauskis Decl.).

39.     Police Officers Sanchez and Khan, and Sergeant Lee were not present during the execution of the search warrant. (Sanchez Memobook, Exhibit "Z" to the Bardauskis Decl.; Khan Memobook, Exhibit "BB" to the Bardauskis Decl.; Lee Memobook, Exhibit "CC" to the Bardauskis Decl.).

40.     A laptop and three cell phones were recovered from Bridgeforth's apartment during the execution of the search warrant. (Search Warrant Execution DD5, Exhibit "W" to the Bardauskis Decl.; Zerafa Dep., Exhibit "I" to the Bardauskis Decl., at 41-42:23-17).

41.     Wigs, keys, and cell phones were recovered and vouchered by Detective Zerafa as investigatory items. (NYPD Property Clerk Invoices, Invoice No. 1000562006; pertaining to Plaintiffs' October 9, 2014 arrests, annexed to the Bardauskis Decl. as Exhibit "Q"; Am. Compl., Exhibit "C" to the Bardauskis Decl., at ¶34).

42.     No weapons, chains, or handcuffs were found in the subject apartment. (Guenther Dep., Exhibit "K" to the Bardauskis Decl., at 31:11-21; Zerafa Dep., Exhibit "I" to the Bardauskis Decl., at 27:15-23; 45:10-14).

**Declination of Prosecution and Aftermath**

43.     DANY declined to prosecute Plaintiffs' criminal cases on October 10, 2014. (District Attorney of the County of New York Declination of Prosecution Forms, annexed to the Bardauskis Decl., as Exhibit "Y").

44.     Plaintiffs never went before a judge with respect to their arrests. (Bridgeforth Dep., Exhibit "#" to the Bardauskis Decl., at 64:3-6; Broadus Dep., Exhibit "#" to the Bardauskis Decl., at 64:7-20; Fairfax Dep., Exhibit "H" to the Bardauskis Decl., at 57:12-15).

**Additional Background**

45.     Plaintiff Bridgeforth was the tenant of record on the lease for 1430 Amsterdam Avenue, Apartment 3C on October 9, 2014; she and her daughter (hereinafter "F.B.") were the only individuals listed on the lease at the time of the underlying incident. (Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl. at 9:3-4; Applicable Excerpts of NYCHA Lease Agreement pertaining to Plaintiff Bridgeforth at 1430 Amsterdam Avenue, Apartment #3C, (hereinafter "Lease Agreement") annexed to the Bardauskis Decl. as Exhibit "L;" NYPD Unusual Occurrence Report, Exhibit "M" to the Bardauskis Decl.).

46.     The aforementioned lease agreement explicitly states that the residence "shall be used solely as a residence for the Tenant and the members of the Tenant's household (i.e., those named in the signed application...or authorized by the Landlord and/or Managing Agent)," which only was Plaintiff Bridgeforth and her daughter. (Lease Agreement, Exhibit "L" to the Bardauskis Decl.).

47.     Prior to the date of the incident, Fairfax, as well as, non-parties Sara Hau-Sans and Eric Kirkland, were guests who had been sleeping in the living room of Bridgeforth's one-bedroom apartment.  (Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 74:2-4, 84-85:20-9; Fairfax Dep., Exhibit "H" to the Bardauskis Decl., at 32:11-17; Broadus Dep., Exhibit "G" to the Bardauskis Decl., at 12:18-24).

48.     Neither Fairfax, nor non-parties Hau-Sans and Kirkland, paid rent or any bills for Bridgeforth's apartment. (Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 86-87:19-6).

- 12 -

49.     At the time of Plaintiff Fairfax's arrest, he had an active order of protection against him by non-party Sarah Hau-Sans, which he violated by being in the subject apartment with non-party Hau-Sans on October 9, 2014, the date of his arrest in the instant action. (Fairfax Dep., Exhibit "H" to the Bardauskis Decl., at 47-48:25-11; Order of Protection, Criminal Court, County of New York, Docket No. 2014NY074846, issued by the Hon. Robert M. Mandelbaum on September 30, 2014, annexed to the Bardauskis Declaration as Exhibit "N").

50.     Fairfax had been homeless at the time of his October 9, 2014 arrest, and had only been recently been staying at Plaintiff Bridgeforth's apartment on a temporary basis. (Fairfax Arrest Reports, Exhibit "O" to the Bardauskis Decl.; Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 73:17-22).

51.     Bridgeforth had key locks on windows, window bars, and sensors installed on the doors of her apartment. (Sanchez Dep., Exhibit "J" to the Bardauskis Decl., at 91:3-10; 96-97:24-6; 14-20; 98:2-16; Bridgeforth Dep., Exhibit "F" to the Bardauskis Decl., at 26:4-15).

Dated: New York, New York
      December 22, 2017

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Defendants City, Zerafa,*
                                    *Sanchez, Khan, Lee, and Despaigne*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-3159

            By:                     /s/
                                    _____
                                    Elizabeth Bardauskis
                                    *Assistant Corporation Counsel*
                                    Special Federal Litigation Division

To:     Ryan Lozar, Esq.
        *Attorney for Plaintiffs*
        305 Broadway, 10th Floor
        New York, New York 10007