Case 1:16-cv-00273-WHP-SDA   Document 84   Filed 12/22/17   Page 1 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jasmine Bridgeforth et al.,

                 Plaintiffs,

-against-

The City of New York et al.,

                 Defendants.

1:16-cv-00273 (WHP) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs, Jasmine Bridgeforth, Delano Broadus and David Fairfax ("Plaintiffs"), move to compel production of nine Internal Affairs Bureau ("IAB") files and to re-open discovery so that they may take a deposition of Defendant City of New York (the "City"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, regarding certain topics related to those files. For the following reasons, Plaintiffs' Letter-Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs bring this action, pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, alleging false arrest, fabrication of evidence and failure to intervene against a group of individual members of the New York City Police Department ("NYPD"). *See* Am. Compl., filed Apr. 29, 2016 (ECF No. 18), ¶¶ 1, 59-81. Plaintiffs also bring a claim against the City under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), alleging, among other things, that it failed to properly train and supervise its employees. *Id.* at ¶¶ 76-81; *Monell*, 436 U.S. at 690-91 (to hold a municipality liable as a "person" under § 1983, plaintiffs must show that a policy or practice of that entity caused the deprivation of their federal rights); *see also Brown v. City of Oneonta, New York*, 235 F.3d 769, 790 (2d Cir. 2000)

1

(Section 1983 claims against municipal entities, must show that the entity's "policy or custom … played a part in the violation of federal law") (internal quotations omitted).

During discovery, in pursuit of their *Monell* claim, Plaintiffs sought production of IAB and other disciplinary files from Defendants. Specifically, in March 2017, Plaintiffs requested nine IAB files regarding two of the individual defendants. Defs.' Resp. to Pls.' Letter Mot. Ex. A, filed Dec. 19, 2017 (ECF No. 74). On June 22, 2017, Plaintiffs were permitted to inspect the "summary reports" associated with these files at the Office of Corporation Counsel. Defs.' Resp. to Pls.' Letter Mot., filed Dec. 19, 2017 (ECF No. 74), at 2.[1] Plaintiffs determined that the summary reports were insufficient because they were abbreviated and "communicated almost nothing about the nature or disposition of underlying matters." Pls.' Letter Mot. to Compel, filed June 30, 2017 (ECF No. 57), at 4. On June 30, 2017, Plaintiffs moved to compel the production of the files "in toto." *Id.* Following two discovery conferences before District Judge Pauley, Defendants were ordered on October 20, 2017 to produce the individual Defendants' disciplinary files. Order (ECF No. 65). On December 1, 2017, Defendants produced what amounted to 27 pages of documents. Defs.' Resp. to Pls.' Letter Mot., filed Dec. 19, 2017 (ECF No. 74), at 2.

Plaintiffs' filed the current Letter-Motion on December 14, 2017. Plaintiffs seek compliance with the Court's October 20, 2017 Order and also seek a deposition of the City, pursuant to Rule 30(b)(6), regarding the acronyms and abbreviations contained in the files, departmental complaint-recording practices and departmental investigative and record-retention practices. Pls.' Letter Mot., filed December 14, 2017 (ECF No. 70), at 1, 3. The Letter-

---

[1] During oral argument, Defendants' counsel offered to produce to Plaintiffs' counsel the documents he inspected. As set forth below, this Court orders Defendants to make such production.

Motion was referred to Magistrate Judge Aaron on December 15, 2017, and oral argument was held on December 21, 2017.  On December 22, 2017, Defendants filed a motion for summary judgment, and accompanying papers. Defs.' Mot. Summ. J. (ECF Nos. 76-83). Plaintiffs' response to Defendants' motion is due by January 31, 2018.  Order (ECF No. 71).

**DISCUSSION**

**I.     IAB Files**

Plaintiffs are skeptical that the 27 pages produced by Defendants represent the entirety of the nine IAB files and contend that more documents must exist based on the information contained in the summary reports.  Plaintiffs argue that such discovery is relevant to their *Monell* claim. In response, Defendants maintain that no additional documents exist.  Defs.' Resp. to Pls.' Letter Mot., filed Dec. 19, 2017 (ECF No. 74), at 2 ("upon information and belief, there are no additional records to be produced") (emphasis in the original). Yet, during oral argument, Defendants' counsel stated that a "second request" had been made for one of the files and Defendants will produce further documents, if they are located.[2]

In the circumstances presented, it seems plausible that additional documents comprising the IAB files exist or at one time existed.  Thus, this Court hereby orders that Defendants shall conduct a diligent search for the nine IAB files at issue—including without limitation by consulting

---

[2] Curiously, Defendants' counsel suggests that Judge Pauley's Order of October 20, 2017 did not encompass the nine IAB files at issue on the present motion.  Defs.' Resp. to Pls.' Letter Mot., filed Dec. 19, 2017 (ECF No. 74), at 2, n. 2. Based upon the documents submitted to the Court, as well as the arguments presented, it seems to this Court that such files were encompassed within Judge Pauley's Order.  Indeed, Courts in this Circuit routinely order the production of IAB files in similar cases. *See*, e.g., *Young v. City of New York et al.*, 2010 WL 3938372, at *1 (S.D.N.Y. 2010) (collecting cases). Such documents are particularly relevant where, as here, a plaintiff is asserting a *Monell* claim.  *See Zhao v. City of New York*, 2007 WL 4205856, at *2 (S.D.N.Y. 2007).

with knowledgeable individuals in the NYPD and any other relevant City agencies, and by searching all sources where such documents likely would be located—and produce all documents located as a result of such search. Given the impending deadline for Plaintiffs to respond to Defendants' summary judgment motion, such production shall be made no later than January 15, 2018.

## II.     30(b)(6) Deposition

Plaintiffs also seek by their motion to take a Rule 30(b)(6) deposition of the City with respect to the acronyms and abbreviations contained in the files, departmental complaint-recording practices, and departmental investigative and record-retention practices. Defendants argue that such discovery is "irrelevant, disproportional to the needs of this case, and untimely." Defs.' Resp. to Pls.' Letter Mot., filed Dec. 19, 2017 (ECF No. 74), at 3. As an alternative, Defendants offered to furnish an affidavit concerning the efforts to locate the IAB files. *Id.* During oral argument, Defendants also agreed to consider producing a glossary of terms used in the IAB reports to aid Plaintiffs in their review of those documents.

Where, as here, a party is seeking to re-open discovery, the party bears the burden of showing good cause. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). Courts also consider (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Id*. at 493.

Given the pendency of Defendants' summary judgment motion, the Court finds the sixth factor to be the most significant. Under these circumstances, the Court will consider whether the requested deposition will lead to discovery of evidence relevant to the summary judgment motion. If the requested Rule 30(b)(6) deposition is not relevant to Defendants' summary judgment motion, and such motion is granted, there will have been an unnecessary expenditure of time and resources by the parties.

The Court finds that the affidavit or declaration offered by Defendants is sufficient for Plaintiffs to oppose Defendants' summary judgment motion. Unless all nine requested IAB files are located and produced, Defendants shall furnish a declaration or affidavit from a person with knowledge regarding the efforts made by the City to locate the subject files, as well as the results of such efforts. If it is determined that any responsive documents previously existed, but were destroyed, the timing and circumstances of the destruction shall be explained in the declaration or affidavit.

Further, Defendants' counsel shall meet and confer with Plaintiffs' counsel regarding the provision to Plaintiffs of a glossary of terms used in the IAB documents for which Plaintiffs need clarification. If a satisfactory resolution is not reached, Plaintiffs may renew their motion to compel a glossary to be produced.[3]

In light of these remedies, the Court finds that the Rule 30(b)(6) deposition is not needed at this time. However, if Plaintiffs still believe that the Rule 30(b)(6) deposition is necessary to oppose Defendants' motion, they can seek before the District Court to make the showing

---

[3] Courts in this Circuit have ordered glossaries of terms to be produced. *See, e.g., O'Conner v. Gemini Asset Recoveries, Inc.*, 2009 WL 5102790, at *2 (E.D.N.Y. 2009).

required by Rule 56(d) of the Federal Rules of Civil Procedure to defer a summary disposition against them.[4]  Of course, if Plaintiffs cannot make such a showing, and the District Court rules in favor of the Defendants on the summary judgment motion, Plaintiffs' request to take a Rule 30(b)(6) deposition of the City would be moot. However, if summary judgment is denied, Plaintiffs may thereafter move the District Court to order the requested Rule 30(b)(6) deposition at some point prior to trial, assuming Plaintiffs continue to believe that such deposition is needed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Letter-Motion (ECF No. 70) is granted in part and denied in part.  It is hereby Ordered that, no later than January 15, 2018, Defendants shall:

1) produce the documents inspected by Plaintiffs' counsel in the offices of the New York City Law Department in June 2017 (*see* footnote 1, *supra*);

2) conduct a diligent search for the nine IAB files at issue—including without limitation by consulting with knowledgeable individuals in the NYPD and any other relevant City agencies, and by searching all sources where such documents likely would be located—and produce all documents located as a result of such search;

---

[4] Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see also Seneca Beverage Corp. v. Healthnow New York, Inc.*, 200 Fed.Appx. 25, 26-27 (2d Cir. 2006) (citing *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("Under Rule 56(f) [now Rule 56(d)], summary judgment may be inappropriate where the party opposing it shows ... that he cannot at the time present facts essential to justify his opposition[.]")).

3) unless all nine requested IAB files are located and produced, furnish a declaration or affidavit from a person with knowledge regarding the efforts made by the City to locate the subject files, as well as the results of such efforts; and

4) meet and confer with Plaintiffs' counsel regarding the provision to Plaintiffs of a glossary of terms used in the IAB documents for which Plaintiffs need clarification.

**SO ORDERED.**

DATED:    New York, New York
          December 22, 2017

_____
STEWART D. AARON
United States Magistrate Judge