UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JASMINE BRIDGEFORTH, DELANO :
BROADUS, and DAVID FAIRFAX, :
:
                  Plaintiffs, :
:
           -against- :
:
CITY OF NEW YORK, NYPD Officer JOHN :
ZERAFA, Tax No. 919893, individually, NYPD :
Officer RAFAEL SANCHEZ, Shield No. 12327, :
individually, NYPD Officer MOHAMMED :
KHANG, Shield No. 18729, individually, NYPD :
Sergeant DEMETRIOUS LEE, Shield No. 3087, :
individually, NYPD Deputy Inspector LUIS :
DESPAIGNE, individually, and JOHN/JANE :
DOE POLICE OFFICERS 1-5, individually, :
:
                  Defendants. :
:
-------------------------------------------------------------- x

**DECLARATION OF PLAINTIFFS' COUNSEL RYAN LOZAR RELATING TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION**

No. 16 Civ. 273 (WHP) (SDA)

     **RYAN LOZAR**, an attorney duly admitted to practice law in the State of New York, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

     I represent Plaintiffs Jasmine Bridgeforth, Delano Broadus and David Fairfax in this Section 1983 litigation. As such, I am familiar with the facts and circumstances stated herein.

     I submit this declaration in support of Plaintiffs' response in opposition to Defendants' motion for summary judgment. In support of that opposition, Plaintiff submits the exhibits described below. A hard copy of the fully bound set of exhibits will be delivered to the Court once all motion papers are filed in a bundle.

1. Exhibit 1 is a true and correct copy of Delano Broadus arrest and complaint records.

2. Exhibit 2 is a true and correct copy of Jasmine Bridgeforth arrest and complaint records.

3. Exhibit 3 is a true and correct copy of David Fairfax arrest and complaint records.

4. Exhibit 4 is a true and correct copy of Sarah Hau Sans arrest and complaint records.

5. Exhibit 5 is a true and correct copy of Eric Kirkland arrest and complaint records.

6. Exhibit 6 is a true and correct copy of a transcript made of Necola Sims' 911 call. Audio of the call will be delivered to Chambers.

7. Exhibit 7 is a true and correct copy of the window guard survey/request completed by Jasmine Bridgeforth when she moved into Apt. 3C.

8. Exhibit 8 is a true and correct copy of window guard municipal regulation and related materials from City Web sites.

9. Exhibit 9 is a true and correct copy of the layout of 1430 Amsterdam Avenue (with Apt. 3C included) and window guard specifications from NYCHA's Office of Design.

10. Exhibit 10 is a true and correct copy of photographs of Apt. 3C's kitchen, Apt. 3C's living room, Apt. 3C's front entrance hallway, Apt. 3C's bedroom window with window guards looking out at rear playground, and sorted and bagged bottles and cans for recycling center pickup.

11. Exhibit 11 is a true and correct copy of NYPD Patrol Guide Numbers relating to (1) Follow-Up Investigations On "Decline Prosecution" Arrest Cases; (2) Release of Prisoners; and (3) Release of Prisoner at the Complaint Room by Direction of the Assistant District Attorney.

12. Exhibit 12 is a true and correct copy of NYPD Vice Complaint Report and related DD5 investigative records.

13. Exhibit 13 is a true and correct copy of relevant excerpts from Defendant Sanchez's memo book.

14. Exhibit 14 is a true and correct copy of relevant excerpts from Defendant Zerafa's memo book.

15. Exhibit 15 is a true and correct copy of the relevant search warrant request application for Apt. 3C.

16. Exhibit 16 is a true and correct copy of the relevant search warrant data sheet for Apt. 3C.

17. Exhibit 17 is a true and correct copy of the relevant OCCB Investigations Unit warrant notification for the Apt. 3C search.

18. Exhibit 18 is a true and correct copy of the relevant warrant tracking system sheet pre-warrant data entry worksheet for Apt. 3C.

19. Exhibit 19 is a true and correct copy of the search warrant issued for Apt. 3C based on Defendant Zerafa's search warrant application.

20. Exhibit 20 is a true and correct copy of evidence vouchers completed by Defenadnt Zerafa for wigs and keys recovered during search of Apt. 3C.

21. Exhibit 21 is a true and correct copy of interrogation warnings given and signed by Plaintiffs relating to their hours-long interrogations at the precinct.

22. Exhibit 22 is a true and correct copy of the relevant Event Chronology Reports for the events leading to Plaintiffs' arrests.

23. Exhibit 23 is a true and correct copy of photographs of Apt. 3C taken by Defenant Sanchez prior to arresting Plaintiffs.

24. Exhibit 24 is a true and correct copy of a Time Warner bill in Necola Sims' name for services rendered at Apt. 3C.

25. Exhibit 25 is a true and correct copy of an affidavit executed by Defendant Sanchez testifying that he cannot locate his "scratch" arrest and complaint documents relating to Plaintiffs' arrests and detention.

26. Exhibit 26 is a true and correct copy of Defendants' Responses and Objections to Plaintiffs' Second Requests for Admissions.

27. Exhibit 27 is a true and correct copy of the transcript of Defendant Zerafa's presentation of the search warrant application for Apt. 3C to Judge Steven Statsinger.

28. Exhibit 28 is a true and correct copy of relevant excerpts from non-party Lieutenant Michael Guenther's memo book.

29. Exhibit 29 is a true and correct copy of records completed by Defendant Sanchez to voucher evidence seized during his search of Apt. 3C.

30. Exhibit 30 is a true and correct copy of decline-to-prosecute letters issued by the NY County District Attorney's Office in connection with Plaintiffs', non-party Hau Sans, and non-party Kirkland's arrests and detention.

31. Exhibit 31 is a true and correct copy of video footage from the exterior of 1430 Amsterdam Avenue. (As this could not be uploaded to ECF, a disc containing the record will be delivered to Chambers.)

32. Exhibit 32 is a true and correct copy of relevant excerpts of Defendant Demetrious Lee's memo book (D137-40), non-party NYPD Officer Kelly Rourke's memo book (D143-46), Defendant Mohammed Khan's memo book (D264-67), non-party NYPD Officer Kramel's memo book (D308-11), non-party NYPD Night Watch Detective Guzman's memo book (D312), non-party NYPD Sergeant Munoz's memo book (D405), and non-party NYPD Officer Fontaine's memo book (D401-04).

33. Exhibit 33 is a true and correct copy of Defendant Sanchez's report to ACS regarding Plaintiffs' arrests.

34. Exhibit 34 is a true and correct copy of relevant ACS records documenting statements by Defendant Sanchez and non-party Rourke.

3

35. Exhibit 35 is a true and correct copy of the original neglect petition against Plaintiffs, written with reference to Defendant Sanchez's account of events (PL16-24), and a Family Court record relating to Broadus and Bridgeforth's authorization to organize their schedules as they wished (PL387-88).

36. Exhibit 36 is a true and correct copy of Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission.

37. Exhibit 37 is a true and correct copy of relevant excerpts from the October 10, 2014, Family Court proceeding arising from Plaintiffs' arrests (excerpts from PL313 to PL320) and from the October 16, 2014, Family Court proceeding that followed (excerpts from PL321 to PL342).

38. Exhibit 38 is a true and correct copy of relevant excerpts from the May 13, 2015, Family Court proceeding at which Defendant Sanchez testified about the Plaintiffs' arrests.

39. Exhibit 39 is a true and correct copy of the June 10, 2015, Family Court proceeding at which the Family Court found that Defendant Sanchez's testimony about Sims' reports against Plaintiffs were inadmissible hearsay evidence.

40. Exhibit 40 is a true and correct copy of records showing Defendant Zerafa invoicing various electronic devices seized from Apt. 3C during the search.

41. Exhibit 41 is a true and correct copy of Defendant Zerafa's hand notes relating to the Plaintiffs' arrests.

42. Exhibit 42 is a true and correct copy of relevant entries from the PSA6 command log reflecting Plaintiffs' and non-parties' arrests.

43. Exhibit 43 is a true and correct copy of Defendant Zerafa's search warrant application for Apt. 3C.

44. Exhibit 44 is a true and correct copy of New York County District Attorney's Office records relating to Plaintiffs' arrests, including ADA hand notes from witness interviews.

45. Exhibit 45 is a true and correct copy of a transcript of Defenadnt Sanchez's presentation of postcards and handwritten notes seized at Apt. 3C for evidence inspection.

46. Exhibit 46 is a true and correct copy of postcards and handwritten notes seized by Defendant Sanchez during his search of Apt. 3C.

47. Exhibit 47 is a true and correct copy of the unusual incident report written the morning of Plaintiffs' and non-parties' arrests showing that NYPD knew that Sims had lied about Gloria.

48. Exhibit 48 is a true and correct copy of aerial photos and an aerial map of 1430 Amsterdam Avenue and its surroundings.

49. Exhibit 49 is a true and correct copy of a glossary of NYPD personnel file terms.

50. Exhibit 50 is a true and correct copy of a cover letter presenting the NYPD Office of the Inspector General's "Addressing Inefficiencies" report to the Mayor, City Council, etc.

51. Exhibit 51 is a true and correct copy of the NYPD Office of the Inspector General's "Addressing Inefficiencies" report.

52. Exhibit 52 is a true and correct copy of the docket, complaint and settlement records from Manzano v. Sanchez, No. 13 Civ. 8480, which was litigated in the Southern District.

53. Exhibit 53 is a true and correct copy of trial transcripts from the Manzano trial, including Defendant Sanchez's testimony regarding the offense of which Manzano was acquitted as well as non-party Roark's and other's contradictory testimony.

54. Exhibit 1A is a true and correct copy of the FRCP 30(b)(6) notice served upon Defendant City of New York in connection with Lt. Czark's FRCP 30(b)(6) testimony.  (The transcript of which appears at Plaintiffs' Appendix 9.

55. Exhibit 1B is a true and correct copy of Broadus's "OLPA" form that Lt. Czark used to explain the City's arrest-to-arraignment tracking system during his FRCP 30(b)(6) testimony.

56. Exhibit 1C is a true and correct copy of Bridgeforth's "OLPA."

57. Exhibit 1D is a true and correct copy of Fairfax's "OLPA."

DATED:   March 2, 2018
         New York, New York

_____
Ryan Lozar (RL0229)
305 Broadway, 14th Floor
New York, New York 10007
(310) 867-1562

*Attorney for Plaintiffs*