UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

JASMINE BRIDGEFORTH, DELANO
BROADUS, and DAVID FAIRFAX,

                                            Plaintiffs,

-against-

CITY OF NEW YORK, NYPD Officer JOHN ZERAFA,
Tax No. 919893, individually, NYPD Officer RAFAEL
SANCHEZ, Shield No. 12327, individually, NYPD Officer
MOHAMMED KHANG, Shield No. 18729, individually,
NYPD Sergeant DEMETRIOUS LEE, Shield No. 3087,
individually, NYPD Deputy Inspector LUIS DESPAIGNE,
individually, and JOHN/JANE DOE POLICE OFFICERS
1-5, individually,

                                            Defendants.

------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFFS'
SECOND SET OF
REQUESTS FOR
ADMISSIONS**

16-CV-273 (WHP)

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants City of New York, Detective John Zerafa,[1] Police Officer Rafael Sanchez, Police Officer Mohammed Khang, Sergeant Demetrious Lee, and retired NYPD Deputy Inspector Luis Despaigne, by their attorney Zachary W. Carter, Corporation Counsel for the City of New York, respond and object to Plaintiff's Requests for Admission as follows:

### GENERAL STATEMENT

        1.     By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

---

[1] Sued herein as "NYPD Officer John Zerafa."

documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object in the entirety to any request for information from entities not represented by the Corporation Counsel of the City of New York.

3. Defendants object in the entirety to the Requests to the extent that they invoke obligations upon defendants beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or other applicable law.

4. Defendants object to the Requests to the extent they seek admissions pertaining to legal conclusions.

5. Defendants reserve the right to supplement each of its responses.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that no member of the NYPD, including but not limited to the named Defendants, observed, seized, or vouchered handcuffs, machetes, guns, chains or buckets in connection with Defendants' investigation of Necola Sims's allegations and Plaintiffs', Saraah Hau Sans's or Eric Kirkland's related arrests.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendants object to this Request No. 1 on the grounds that it is compound, vague and overbroad, and not relevant to any party's claims or defenses and is not proportional to the needs of the case considering the amount in controversy. Subject to, and without waiving, or in any way limiting the objections herein, the named individual Defendants admit that they did not recover "handcuffs, machetes, guns, chains or buckets" during the investigation of Necola Sims's allegations.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Necola Sims did not write, or adopt with her signature, any statement, sworn or otherwise, containing her allegations against Plaintiffs, Sarah Hau Sans or Eric Kirkland.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants object to this Request No. 2 on the grounds that it is vague, ambiguous, and overbroad, and not relevant to any party's claims or defenses. Subject to, and without waiving, or in any way limiting the objections herein, Defendants deny the truth of the assertion. Defendants further state, upon information and belief, that Ms. Sims prepared a handwritten statement that was later transcribed into a NYPD Domestic Incident Report ("DIR") pertaining to the subject incident on October 9, 2014. (See NYPD Domestic Incident Report dated October 9, 2014, "Statement of Allegations," DEF 108).

**REQUEST FOR ADMISSION NO. 3:**

Admit that no member of the NYPD, including but not limited to the Named Defendants, collected fingerprints, handprints, hair, blood, and/or any human biological material for examination during their investigation of Necola Sims's allegations.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants object to this Request No. 3 on the grounds that it is compound, vague, ambiguous, overbroad, not sufficiently limited in time or scope, and not relevant to any party's claims or defenses. Defendants further object on the grounds that this request is overly burdensome as it is not limited to the individual defendants herein. Subject to, and without waiving, or in any way limiting the objections herein, Defendants deny the truth of the assertion, and state that fingerprints were collected from Plaintiffs and non-parties Sarah Hau Sans and Eric Kirkland during their during arrest processing. Defendants further state, upon information and

belief, that no "handprints, hair, blood, and/or any human biological material" were collected from Plaintiffs in connection with their arrests.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Level One mobilization authorized for the missing person "Gloria" was made at approximately 5:22 a.m. on October 9, 2014, and that the Level One mobilization was terminated at approximately 7:32 a.m. on October 9, 2014.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants object to this Request No. 4 on the grounds that it is vague and ambiguous, and to the extent that the information sought is not relevant to any party's claims or defenses. Subject to, and without waiving, or in any way limiting the objections herein, Defendants admit that, on October 9, 2014, a level one mobilization was activated at approximately 5:22 a.m. and terminated at approximately 7:35 a.m.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Level One mobilization relating to Gloria was terminated after NYPD Night Watch detectives investigating Necola Sims's allegations determined that Gloria was a fictitious character invented by Necola Sims.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants object to this Request No. 5 on the grounds that it is vague, ambiguous, misleading, inaccurate, and to the extent that the information sought is not relevant to any party's claims or defenses. Subject to, and without waiving, or in any way limiting these objections or the general objections, Defendants admit that, on October 9, 2014, after investigative efforts including, but not limited to, a level one mobilization, review of CCTV camera footage, and an investigation conducted by NYPD Night Watch detectives, including

interviews of the adult occupants in the subject apartment, the level one mobilization was terminated.

### REQUEST FOR ADMISSION NO. 6:

Admit that the Level One mobilization relating to Gloria was terminated, no member of the NYPD, including but not limited to the named Defendants, created documents treating Gloria as a missing person under departmental protocols, or investigated her whereabouts further.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Defendants object to this Request No. 6 on the grounds that it is compound, vague, ambiguous, overbroad, and misleading, and, as such, does not allow defendants to fairly admit or deny since it appears that "Gloria" was fictionalized. Dubin v. E. F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants also object to the extent that the information sought is not relevant to any party's claims or defenses.

### REQUEST FOR ADMISSION NO. 7:

Admit that the Plaintiffs were released from custody on October 10, 2014 at approximately 7:00 p.m.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Defendants object to this Request No. 7 on the grounds that it is vague and ambiguous as to what Plaintiffs mean by "released from custody," and further object on the grounds that it seeks information that is equally available to, or was already made available to, Plaintiffs by virtue of the exchange of discovery in this case, specifically, through arrest paperwork, including the NYPD Online Prisoner Arraignment form. Subject to, and without waiving, or in any way limiting the objections herein, Plaintiffs are referred to the Online Prisoner Arraignment forms previously produced and, further, Defendants admit that Plaintiffs

were "DP Released" as follows: David Fairfax at 7:02 p.m.; Jasmine Bridgeforth at 8:06 p.m.; and Delano Broadus at 7:00 p.m..

**REQUEST FOR ADMISSION NO. 8:**

Admit that Defendants performed no additional investigation of Ms. Sims's allegations between the time the New York County District Attorney's Office declined to prosecute Plaintiffs, Sarah Hau Sans and Eric Kirkland, and Plaintiff's release from custody.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants object to this Request No. 8 on the grounds that it is vague, confusing and ambiguous insofar as it is unclear as to what Plaintiffs mean by "investigation," and to the extent that certain of the information sought is not relevant to any party's claims or defenses. Subject to, and without waiving, or in any way limiting these objections or the general objections, the individually named Defendants admit that they did not investigate Necola Sims's allegations after the New York County District Attorney's Office declined to prosecute Plaintiffs.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Sarah Hau Sans did not make, write, or adopt with her signature, any statement, sworn or otherwise, alleging that Plaintiff David Fairfax violated the Order of Protection for which Defendant Sanchez arrested him and charged him with contempt.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants object to this Request No. 9 on the grounds that it is vague, ambiguous, irrelevant, seeks information that would invade the privacy rights of non-parties to this litigation, and to the extent that the information sought is not relevant to any party's claims or defenses. Subject to, and without waiving, or in any way limiting the objections herein, Defendants deny the truth of the assertion. Defendants further state, upon information and belief,

that Ms. Hau Sans advised Police Officer Sanchez, by oral statement, that she had an active order of protection against Plaintiff Fairfax.

Dated: New York, New York
October 19, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the
         City of New York
        Attorney for Defendants
        100 Church Street, Room 3-181
        New York, New York 10007
        (212) 356-3159

By: _____/s/_____
    Elizabeth Bardauskis
    *Assistant Corporation Counsel*

To: Ryan Lozar, Esq. (Via First-Class Mail and Email)
*Attorney for Plaintiffs*
305 Broadway, 9th Floor
New York, NY 10007

## VERIFICATION

STATE OF NEW YORK    )
                     :  SS.:
COUNTY OF NEW YORK   )

      **ELIZABETH BARDAUSKIS**, being duly sworn, says that she has been duly designated as Assistant Corporation Counsel of The City of New York, and as such that she is an officer of The City of New York in the within action. That the foregoing Defendants' Responses and Objections to Plaintiff's Second Set of Requests for Admissions are true to her knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters she believes it to be true. Deponent further says that the reason why this verification is not made by The City of New York is that it is a corporation; that the grounds of her belief as to all matters not therein stated upon her knowledge are as follows: Information obtained from the books and records of the Law Department and other departments of the city government and from statements made to her by certain officers or agents of The City of New York.

*Elizabeth Bardauskis*
ELIZABETH BARDAUSKIS

Sworn to before me this 19th
October day of November, 2017.

*Winnifred Simpson*
NOTARY

[Notary Seal: WINNIFRED SIMPSON, NOTARY PUBLIC, NO. 01SI6058932, QUALIFIED IN KINGS COUNTY, COMM. EXP. 08/24/20__, STATE OF NEW YORK]