Confidential Material

Secs. 1012, 1031 F.C.A. (Child Protective)

FAMILY COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK, COUNTY OF NEW YORK

Attorney: VERILLO, E
Judge: WEINSTEIN, S

----------------------------------x
    In the Matter of : Docket No: NN-45041-14
    :
F   B :
    : PETITION NEGLECT CASE
    :
A Child Under Eighteen Years :
of Age Alleged to be Neglected by :
    :
JASMINE BRIDGEFORTH :
DELANO BROADUS :
    : Child Protective Specialist:
    : JOSHUA DAVIS
    : ACS #: 5311897
    : Unit #: 360-2
    : Telephone: 718-563-5602
    :
    Respondent(s) :
----------------------------------x

NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD.
    TO THE FAMILY COURT:

The undersigned petitioner respectfully shows that:

1. Petitioner Gladys Carrión, Esq., Commissioner of Administration for Children's Services, a Child Protective Agency with offices at 150 William Street, New York, New York, is authorized to file a petition under Article 10 of the Family Court Act.

2. F B is a female child under the age of eighteen years, having been born on ___/___/2010.



PL000016

Confidential Material

3. Said child resides at 1430 AMSTERDAM AVENUE APT. 3C, NEW YORK, NY, 10027.

4. The father of said child is
   or is alleged to be DELANO BROADUS who resides at 1430 AMSTERDAM AVENUE APT. 3C, NEW YORK, NY, 10027.
   The father's date of birth is     /1980.
   The mother of said child is JASMINE BRIDGEFORTH who resides at 1430 AMSTERDAM AVENUE APT. 3C, NEW YORK, NY, 10027.
   The mother's date of birth is     1977.

5. Prior to the filing of this petition, pursuant to Family Court Act Section (1024) said child was removed from the custody of the parent(s) or other person(s) legally responsible for the care of said child without court order on the 9th day of October, 2014, at 4:50am.

6. There was not sufficient time to obtain a court order pursuant to Family Court Act Section 1022, because
   See Addendum II.

7. The removal of the child was necessary because

   See Addendum III.

8. (Upon information and belief), said child is a neglected child in that: (Specify grounds of neglect under Section 1012 of the Family Court Act.)
   See Addendum I.

9. (Upon information and belief),
   JASMINE BRIDGEFORTH, the Mother of said child
   DELANO BROADUS, the Alleged Father of said child
   are the person's who are responsible for neglect of said child.

   Petitioner is required to obtain education information and to provide that information to foster care providers and other parties to this proceeding. Unless otherwise obtained by release, Petitioner thus seeks a court order to obtain the education records (including special education records) of each child named in this petition who is not placed with a parent(s)/legal guardian(s), and a court order to provide such records to service providers where such records are necessary to enable the service provider to establish and implement a plan of service.

Confidential Material

WHEREFORE, Petitioner prays that an order be made determining the said F. B. to be a neglected child, otherwise dealing with said child in accordance with the provisions of Article 10 of the Family Court Act.

Dated: 10/10/2014

Gladys Carrión, Esq.
Petitioner

Zachary W. Carter
Corporation Counsel
Alan W. Sputz
Special Assistant Corp Counsel

*Elizabeth Verillo*

Signature of Attorney

ELIZABETH VERILLO of Counsel
Name

Administration for Children Services
150 WILLIAM STREET
5TH FLOOR
NEW YORK NY 10038
212-788-2456

Confidential Material

## VERIFICATION

STATE OF NEW YORK      )
                       SS.:
COUNTY OF NEW YORK     )

JOSHUA DAVIS, being duly sworn, deposes and says that (s)he is employed by Administration for Children's Services, a Child Protective Agency; and is acquainted with the facts and circumstances of the above-entitled proceeding; that (s)he has read the foregoing petition and knows the contents thereof; that the same is true to (his) (her) own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters (s)he believes it to be true.

_____
Petitioner
Gladys Carrión, Esq., Commissioner
Administration for Children's Services
By: JOSHUA DAVIS
Child Protective Specialist

Sworn to before me, this
10th day of October 2014

_____
Notary Public

YVONNE M. HASSAN
Notary Public, State of New York
No. 1-7104
Qualified in MANHATTAN County
Commission Expires Aug 01, 2016

Confidential Material

## ADDENDUM I

CASE NAME:   JASMINE BRIDGEFORTH
CHILD NAME:   F      B
CASE NUMBER:   5311897
DATE PET FILED: 10/10/2014

| THE CHILD: | THE RESPONDENTS: |
|---|---|
| F   B   (DOB   /2010) | JASMINE BRIDGEFORTH<br>DELANO BROADUS |

F    B    (DOB:       2010) is a child under the age of eighteen years whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of her father, DELANO BROADUS (DOB:       /1980), and mother, JASMINE BRIDGEFORTH (DOB:       1977), in providing the child with proper supervision or guardianship; or by any other acts of a similarly serious nature requiring the aid of the court; in that:

1. The respondent father and respondent mother fails to provide the child with proper supervision or guardianship, in that:
a. On or about October 9, 2014, NYPD Officer Sanchez reported to ACS CPS Joshua Davis that he responded to a report of assault at the case address at approximately 1:30AM that morning. According to Officer Sanchez, he came upon the victim outside the residence and she reported that inside she had been tied up to a radiator, undressed, physically assaulted and that the perpetrators took provactive pictures of her which they intended to put on the internet. Officer Sanchez described that the victims face was badly bruised and "lumped". The victim later positively identified three perpetrators, including the respondent mother and respondent father. The victim reported that the three year old subject child F   B   was present before and during the entire assault, and was still in the apartment.
b. According to Officer Sanchez, after interviewing the victim NYPD attempted to gain access to the residence. He stated 2 hours later, at approximately 3:30AM, NYPD got into to the apartment with the assistance of NYPD Emergency Services Unit (ESU). Upon entering the apartment, they found the subject child alone with two unrelated adults. Officer Sanchez described that all the windows and doors had key locks and there were chains hanging from the wall. Officer Sanchez reported that the subject child was then taken to St. Lukes Hospital.
c. According to Officer Sanchez, the respondent mother and respondent father returned to the case address approximately a few hours later, at which time they were interviewed by NYPD detectives. Officer Sanchez reported that the respondent mother and respondent father admitted to the detectives that they participated in the assault against the victim. The respondent mother and respondent father were then arrested for assault and reckless endangerment of a child.
d. On or about October 9, 2014, the subject child F      reported to ACS CPS Joshua Davis that her parents have friends over the home every night and during these gatherings people, both men and women, have their pictures taken while dressed up and undressed. The subject child further reported that she has seen people tied up in her home before. The subject child also stated that she has observed people drink "liquor" in the home and that the

Confidential Material

adults smoke something that "smells weird, makes her cough and makes her sick and want to throw up."

2. The respondent father fails to provide the child with proper supervision or guardianship in that he perpetrated acts of domestic violence against the mother in the presence of the child, actions which subject the child to emotional and physical harm or risk thereof, in that:
a. On or about October 9, 2014, the subject child reported to ACS CPS Joshua Davis that her parents fight a lot and that she has observed her father punch her mother in the face on multiple occasions. The subject child further reports that she is afraid of her father because her father hurts her mother.
b. Upon information and belief, according to Queens County Criminal Court documents, there is currently an order of protection on behalf the respondent mother against the respondent father, pursuant to Docket No 2012QN065696. According to the subject child, her parents are living together at the case address.

WHEREFORE, the subject child F.      BJ     , is a neglected child pursuant to the FCA 1012.

Confidential Material

## ADDENDUM II

**PURSUANT TO FAMILY COURT ACT SECTION 1031 (e) Petitioner states:**

1.  F J   B  was removed prior to filing this petition on 9th day of October, 2014 at 4:50am.

2. The circumstances necessitating the removal of the child prior to filing a neglect or abuse petition are as follows:

   [ x ] See allegation(s) in the petition;

   [ x ] Petitioner assessed the child to be in such circumstances that the child's continuing in said place or residence or in the care and custody of the parent or other person legally responsible presented an imminent danger to the child's life and/or health if not immediately removed;

   [ x ] Continuation in the home would be contrary to the child's best interests and under the circumstances, efforts to prevent or eliminate the need for removal were determined to be inappropriate;

   [ ] Other, explain:

3. This child was removed pursuant to:

   [ ] FCA 1021 (parental consent to temporary removal attached);

   [ ] FCA 1022 (court authorized removal);

   [ x ] FCA 1024 (emergency removal without prior court authorization);

PL000022

Confidential Material

4. This was an emergency removal under FCA 1024 because the parents or other persons legally responsible refused to consent or were unavailable and there was insufficient time to obtain a court order pursuant to FCA 1022 because:

[ x ] Removal occurred outside of court hours, i.e. evening, weekend or holiday;

[ x ] Court was unavailable to entertain removal application;

[ x ] Child was in need of immediate protective action based upon assessment of imminent danger;

[   ] Other, explain:

Confidential Material

## ADDENDUM III

### REASONABLE EFFORTS TO PREVENT OR ELIMINATE THE NEED FOR REMOVAL OF CHILD FROM HOME

1. The child F. B' was or should be removed pursuant to the provisions of the Family Court Act and applicable law.

2. The continuation of residence by the child in the child's home is or would be contrary to the welfare and best interests of the child and the temporary removal of said child from the child's place of residence is necessary to avoid imminent risk to the child's life or health. Continued placement of the child in the child's home would be contrary to the welfare and best interests of the child because:
The respondent mother and respondent father are currently incarcerated based on the allegations in the petition.

3. [ x ] Reasonable efforts to prevent or eliminate the need for the above-described removal, were not made prior to the date of the hearing, but the lack of such efforts was reasonable and appropriate under the circumstances (see allegations in petition) for the following reason(s):
The respondent mother and respondent father are currently incarcerated based on the allegations in the petition.

    a. [ x ] The circumstances (see allegations in petition) posed such a risk to the child's life, health or safety that services could not eliminate or avoid the need for removal; explain:

    b. [ x ] The parent was incarcerated or in police custody at all relevant times, precluding the provisions of any services to eliminate or avoid the need for removal,

    c. [ ] The parent's whereabouts were unknown at all relevant times, precluding the provision of any services to eliminate or avoid the need for removal, ACS made the following efforts to locate the parent; explain:

    d. [ ] Other: explain:

4. Imminent risk to the child would not be eliminated by the issuance of a temporary order of protection.

PL000024

confidential materials

PAGE 1 of

At a term of the Family Court of the State of New York, held in and for the County of Queens, at Queens County, 151-20 Jamaica Avenue, Jamaica, NY 11432, on 5/21/14

PRESENT:

In the Matter of a Custody/Visitation Proceeding

JASMINE BRIDGEFORTH
                                    Petitioner,

- against -

DELANO BROADUS
                                    Respondent.

File #: 12946
Docket #: V-26065/12
         V-25867/12
ORDER

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Parties, Jasmine Bridgeforth (mother) and Delano Broadus (father) hereby agree as follows:
Parties shall have joint custody of their child-in-common, F___ K___ B___ (d.o.b. __/10) with physical custody and final decision making authority to fall to the mother. The father shall be consulted in all decisions with respect to education, religion and medical care and will be provided with names and telephone numbers of providers working directly with the child in those three areas. (continued...)

_____     _____
Petitioner                                    Respondent

_____     _____
Petitioner's Attorney                    Respondent's Attorney

_____
Attorney for the Child

ENTER,

Dated: 5/21/14

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____

PL387

confidential materials

Page 2 of 2

At a term of the Family Court of the State of New York, held in and for the County of Queens, at Queens County, 151-20 Jamaica Avenue, Jamaica, NY 11432, on 5/21/14

PRESENT:

In the Matter of a Custody/Visitation Proceeding

Jasmine Bridgeforth
                    Petitioner,

- against -

Delano Broadus
                    Respondent.

File #: 12946
Docket #: V26065/12
ORDER V25867/12

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

The father shall enjoy visitation on Saturday from 7am to 8pm, at pick-up and drop-off location to be 32nd Pct in Manhattan, N.Y.

Neither parent shall take the child out of the state of New York without the express written permission of the other party and any such trip away from home shall result in each parent to have an itinerary including addresses and phone.

The parties may make additions or any other changes to the parenting time as they see fit.

_____          _____
Petitioner                          Respondent

_____          _____
Petitioner's Attorney               Respondent's Attorney

_____
Attorney for the Child

ENTER

Dated: 5/21/14

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____

PL388