UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| JASMINE BRIDGEFORTH, et al., | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION** |
| Plaintiffs, | |
| -against- | |
| CITY OF NEW YORK, et. al., | |
| Defendants. | 16 Civ. 2163 (WHP) |

------------------------------------------------------------------ x

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, defendants Detective John Zerafa, Police Officer Rafael Sanchez, Police Officer Mohammed Khang, Sergeant Demetrious Lee, and Mr. Luis Despaigne respond and object to plaintiffs' First Requests For Admission as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to these Requests to the extent that they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendants object in the entirety to these Requests to the extent that they invoke obligations upon defendants beyond those required by the Federal Rules of Civil Procedure.

5. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its responses to each request with additional information, if and when such information becomes available to defendants' counsel. Defendant City also reserves the right to object to the future disclosure of any such information.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**ADMISSION REQUEST NO. 1:**

Admit that Defendants did not seize and voucher as evidence any handcuffs, knives or buckets during Defendants' execution of the search warrant. DEF61.

**OBJECTION AND RESPONSE TO REQUEST NO. 1:**

Defendants object to this request on the grounds that it contains "vague and ambiguous wording that does not allow defendant[s] [to] fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving these objections, defendants admit only they are not in possession of a property voucher for these items.

**ADMISSION REQUEST NO. 2:**

Admit that Ms. Sims never wrote, or adopted by her signature, any written statement, sworn or otherwise, containing allegations against Plaintiffs, Ms. Hau Sans or Mr. Kirkland.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

Defendants object to this request on the grounds that it contains "vague and ambiguous wording that does not allow defendant[s] [to] fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving these objections, defendants admit only that they are not in possession of any written statement by Sims.

**ADMISSION REQUEST NO. 3:**

Admit that during the search warrant Defendants did not collect any fingerprints, handprints, hairs and fibers, swabs and/ or any samples of DNA as forensic evidence.

**OBJECTION AND RESPONSE TO REQUEST NO. 3:**

Defendants object to this request on the grounds that it contains "vague and ambiguous wording that does not allow defendant[s] [to] fairly to admit or to deny." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding and without waiving these objections, defendants admit only that they are not aware of those items being collected.

Dated:     New York, New York
November 4, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                     City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2382


By:               /s/
                RHIANA SWARTZ
                *Senior Counsel*


TO:   BY EMAIL
       RYAN LOZAR
       *Attorney for Plaintiffs*
       305 Broadway, 10th Floor
       New York, New York 10007
       (310) 867-1562