confidential materials

FAMILY COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY        PART 6

------------------------X

IN THE MATTER OF:

    ACS-NY,

                Petitioner,

                                      Docket No.:
                                      NN-45041-14

        Vs.

    JASMINE BRIDGEFORTH, DELANO BROADUS,

                Respondents.

------------------------X

                October 10, 2014

HELD AT:          FAMILY COURT OF THE STATE OF NEW YORK
                    NEW YORK COUNTY
                    60 Lafayette St.
                    New York, NY 10013

BEFORE:          HONORABLE STEWART WEINSTEIN,
                    Judge

APPEARANCES:     ELIZABETH VERRILLO, ESQ.
                    JESSICA PAGE, ESQ.
                    Attorney for the Petitioner
                    ADMINISTRATION FOR CHILDREN'S SERVICES

                    CAROLYN KALAS, ESQ.
                    Attorney for the Child
                    LEGAL AID SOCIETY

TRANSCRIBER:     RITA DILLINGHAM

INDEX

confidential materials

# W I T N E S S E S

| PETITIONER:<br>WITNESS | DIRECT | CROSS | RE<br>DIRECT | RE<br>CROSS | V.<br>D. | J |
|---|---|---|---|---|---|---|

| RESPONDENT:<br>WITNESS | DIRECT | CROSS | RE<br>DIRECT | RE<br>CROSS | V.<br>D. | J |
|---|---|---|---|---|---|---|

# E X H I B I T S

| PETITIONER:<br>IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

| RESPONDENT:<br>IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

1

confidential material PROCEEDINGS                                    3

1              COURT OFFICER:  Judge, this is 25 on the

2    calendar in the matter of Broadus and Bridgeforth.

3    Counsel?

4              MS. ELIZABETH VERRILLO:  Special Assistant

5    Corporation Counsel by Elizabeth Verrillo [phonetic]

6    appearing on behalf of the Commissioner of ACS.

7              MS. JESSICA PAGE:  Special Assistant

8    Corporation Counsel by Jessica Page also for the

9    Commissioner.

10             MS. CAROLYN KALAS:  The Legal Aid Society by

11   Carolyn Kalas [phonetic] appearing on behalf of the

12   subject child.

13             COURT OFFICER:  Sir, please raise your right

14   hand.  Do you swear to tell the truth?

15             MR. JOSHUA DAVIS:  Yes.

16             COURT OFFICER:  Your name, title, and

17   agency?

18             MR. DAVIS:  Joshua Davis, D-A-V-I-S, Case

19   Worker ACS.

20             COURT OFFICER:  Thank you.  Everyone have a

21   seat.

22             THE COURT:  All right.  Good afternoon.  Are

23   the parents both incarcerated as result of the

24   criminal arrest?

25             MS. VERRILLO:  Yes, Your Honor, they are

confidential material

1    still incarcerated.  As of this morning they hadn't

2    been arraigned, but the case worker has been in touch

3    with NYPD on the matter.

4              THE COURT:  It's sort of a lurid allegation.

5    To put it mildly.  What are you requesting today?

6              MS. VERRILLO:  Your Honor, the Commissioner

7    is asking for a remand.

8              THE COURT:  Any resources in mind?

9              MS. VERRILLO:  Your Honor, ACS has not had

10   an opportunity to speak with the parents as of yet,

11   so we are not aware of any resources.  ACS did call

12   the school.  The child was in a Head Start program

13   and did get names from an emergency contact list that

14   we'll be contacting, but at this time no resources

15   are known.  I also wanted to alert Your Honor that

16   there is a pending City case that was in Referee

17   Coffee's Part for a return of service at the end of

18   October.  I do have that docket.

19             MS. KALAS:  - - .

20             MS. VERRILLO:  No, no one has been assigned.

21   It's on for return of service.

22             MS. KALAS:  Oh, so there has not been an

23   attorney for the child assigned?

24             MS. VERRILLO:  No.  There hasn't been.

25             THE COURT:  So it's at the pre-appearance

PROCEEDINGS                                                5

confidential material

1    stage?

2              MS. VERRILLO:  There is October 31st for a

3    return of service.

4              THE COURT:  Do you know who the petitioner

5    is?  If it's a parent against--

6              MS. VERRILLO:  [Interposing] I believe it's

7    the father.

8              THE COURT:  It's a parent against parent?

9              MS. VERRILLO:  Yes.

10             THE COURT:  Well, that may be disposed of

11   before we get to October 31st.  I'll order some--

12             MS. VERRILLO:  [Interposing] Understand.  I

13   just wanted to let you know.

14             THE COURT:  I will find imminent risk and

15   excuse reasonable efforts based upon the lock-up of

16   both parents, and grant the application for a

17   removal.  Is the child already in a foster home?

18             MS. VERRILLO:  Your Honor, the child was

19   brought to the Children's Center and was seen at the

20   CAC this morning.

21             MS. KALAS:  Which CAC?

22             MS. VERRILLO:  The Manhattan CAC.  There--

23             MR. DAVIS:  [Interposing] Bellevue.

24             MS. VERRILLO:  Oh, Bellevue?  Excuse me.

25             MS. KALAS:  Can I ask, the child was in a

confidential materials

1   Head Start program, that if at all possible the child

2   be placed so that she could remain in her school?  I

3   know she's little, but…

4           MS. VERRILLO:  The agency will--ACS will

5   certainly follow up with OPA and make sure they have

6   all that information.

7           THE COURT:  All right, we'll set a

8   permanency hearing date when the parents have

9   attorneys so we can have a meaningful schedule, so

10  just do the usual on that.

11          MS. VERRILLO:  Okay.

12          THE COURT:  So I'll put this on for return

13  of process.  I'll order personal service, and if they

14  are held after their arraignment there will be--it'll

15  be through Corrections.

16          MS. VERRILLO:  Yes.

17          THE COURT:  And just follow up so if we have

18  to reorder an arraignment and have them produced that

19  we don't double up on their criminal court date at

20  this point in the near future.

21          MS. VERRILLO:  Yes, Your Honor.

22          MS. KALAS:  I would obviously ask that I be

23  notified as soon as the child is placed.

24          MS. VERRILLO:  Yes.  Absolutely.  I will let

25  Legal Aid know the contact information as well.

1        THE COURT:  I know Tuesday is too soon.  The

2   rest of the week is really rough.  I'll try to

3   squeeze it in on Thursday, the 16th.  It's the third

4   court day.

5        MS. KALAS:  Is it possible, I know you said

6   you didn't, but even perhaps also the parents might

7   still be incarcerated, to do a p.m. call?

8        THE COURT:  It's more likely it would be in

9   the p.m.  I just have a--I have two matters that are

10   going to be somewhat--I would think somewhat

11   protracted in one of them or both an Arabic

12   interpreter.  But I think at this point it's going to

13   have to be p.m.  The morning is just too booked.  All

14   right?  Don't be hard to locate though, so check in

15   with my offices and let them know where to find you

16   both.  Ms. Verrillo, you may already be with me for

17   one of those cases.  Is that…

18        MS. VERRILLO:  I have cases with you in the

19   a.m.

20        THE COURT:  The morning, right.  Because Ms.

21   Jefferson has got my afternoons.  All right, you'll

22   do a tag team with her.  All right, thank you.

23        COURT OFFICER:  The parties are excused.

24   Please step out.

25        [END OF HEARING]

Ubiqus
61 Broadway – Suite 1400, New York, NY 10006
Phone: 212-346-6666 * Fax: 888-412-3655              PL319

confidential materials

8

# C E R T I F I C A T E

I, Rita Dillingham certify that the foregoing transcript of proceedings in the Family Court of the State of New York, County of New York, in the matter of ACS v. Broadus and Bridgeforth, Docket No. NN-45041-14 was prepared using the required transcription equipment and is a true and accurate record of the proceedings to the best of my ability. I further certify that I am not connected by blood, marriage or employment with any of the parties herein nor interested directly or indirectly in the matter transcribed.

Signature:

Date:  December 20, 2016

confidential materials

FAMILY COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY     PART 4
-----------------------X

IN THE MATTER OF:

    ACS-NY,

                Petitioner,

                              Docket No.:
                              NN-45041-14

        vs.

    JASMINE BRIDGEFORTH, DELANO BROADUS,

                Respondents.

-----------------------X

                October 16, 2014

HELD AT:          FAMILY COURT OF THE STATE OF NEW YORK
                NEW YORK COUNTY
                60 Lafayette St.
                New York, NY 10013

BEFORE:          HONORABLE SUSAN KNIPPS,
                Judge

APPEARANCES:     ELIZABETH VERRILLO, ESQ.
                ELAINE SCHWARTZ, ESQ.
                Attorney for the Petitioner
                ADMINISTRATION FOR CHILDREN'S SERVICES

                CAROLYN KALAS, ESQ.
                 Attorney for the Child
                LEGAL AID SOCIETY

                JESSICA WEIDMAN, ESQ.
                Attorney for Respondent Father
                CENTER FOR FAMILY REPRESENTATION

                TEGHAN DELANE, ESQ.
                Attorney for Respondent Mother
                NEIGHBORHOOD DEFENDER SERVICE OF HARLEM

TRANSCRIBER:     RITA DILLINGHAM

confidential materials INDEX

# I N D E X

## W I T N E S S E S

| PETITIONER:<br>WITNESS | DIRECT | CROSS | RE<br>DIRECT | RE<br>CROSS | V.<br>D. | J |
|---|---|---|---|---|---|---|

| RESPONDENT:<br>WITNESS | DIRECT | CROSS | RE<br>DIRECT | RE<br>CROSS | V.<br>D. | J |
|---|---|---|---|---|---|---|

## E X H I B I T S

| PETITIONER:<br>IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

| RESPONDENT:<br>IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

1

Ubiqus
61 Broadway — Suite 1400, New York, NY 10006
Phone: 212-346-6666 * Fax: 888-412-3655

PL322

confidential materials

1       COURT OFFICER:  In the matter of Bridgeforth

2  and Broadus.  Counsel?

3       MS. ELIZABETH VERRILLO:  Special Assistant

4  Corporation Counsel by Elizabeth Verrillo [phonetic]

5  appearing on behalf of the Commissioner of ACS.

6       MS. ELAINE SCHWARTZ:  Elaine Schwartz for

7  the Commissioner.

8       MS. CAROLYN KALAS:  The Legal Aid Society by

9  Carolyn Kalas [phonetic] appearing as attorney for

10  the subject child.

11      COURT OFFICER:  Other parties, raise your

12  right hand.  Do you swear to tell the truth?

13      MR. JOSHUA DAVIS:  Yes.

14      MR. HARVEY VINCENT:  Yes.

15      COURT OFFICER:  Your name, title, and

16  agency?

17      MR. DAVIS:  Joshua Davis, D-A-V-I-S, Case

18  Worker ACS.

19      COURT OFFICER:  Thank you.

20      MR. VINCENT:  Harvey Vincent, Cardinal

21  McCloskey Case Planner.

22      COURT OFFICER:  Thank you.  You can be

23  seated.  Oh, ma'am, raise your right hand.  Do you

24  swear to tell the truth?

25      MS. GOETZ:  Yes.

confidential materials PROCEEDINGS                                    4

1              COURT OFFICER:  State--

2              MS. PRYOR GOETZ:  [Interposing]  Pryor

3    Goetz, Social Worker, Legal Aide Society.

4              COURT OFFICER:  Thank you.

5              MR. DELANO BROADUS:  Mr. Broadus right here.

6    Ready for my - - ?

7              COURT OFFICER:  No, not now.  I just need

8    you to sit down.

9              COURT OFFICER:  Counsel?

10             MS. JESSICA WEIDMAN:  The Center for Family

11   Representation by Jessica Weidman available for

12   assignment to Mr. Delano Broadus.

13             MR. DELANO BROADUS:  Delayno [phonetic].

14             MS. WEIDMAN:  Delayno, I apologize.  I'm

15   sorry about that.

16             COURT OFFICER:  Sir, raise your right hand.

17   Your other hand.  Do you swear to tell the truth?

18             MR. BROADUS:  I told the truth--

19             COURT OFFICER:  [Interposing]  Sir?

20             MR. BROADUS:  --already.  I told it to him.

21             COURT OFFICER:  Sir.  Do you--

22             MR. BROADUS:  [Interposing]  I swear to tell

23   the truth.  I told him right there.

24             COURT OFFICER:  Okay.  And state your name.

25             MR. BROADUS:  My name is Delano Broadus.

confidential materials

1          COURT OFFICER:  And your relationship to the
2   child.
3          MR. BROADUS:  That's my daughter.
4          COURT OFFICER:  Thank you.  You can be
5   seated.  Raise your right hand.  Are you a counsel?
6          MS. TEGHAN DELANE:  Yes.
7          COURT OFFICER:  Thank you.
8          MS. DELANE:  Neighborhood Defender Service
9   of Harlem by Teghan, T-E-G-H-A-N, Delane available
10  for assignment for Ms. Bridgeforth.
11         COURT OFFICER:  Ma'am, do you swear to tell
12  the truth?
13         MS. JASMINE BRIDGEFORTH:  Yes.
14         COURT OFFICER:  State your name.
15         MS. BRIDGEFORTH:  Jasmine Bridgeforth.
16         COURT OFFICER:  Thank you.  And your
17  relationship to the child?
18         MS. BRIDGEFORTH:  Her mother.
19         COURT OFFICER:  Thank you, ma'am.  You can
20  be seated.  Sir, you have to sit.
21         MR. BROADUS:  I will sit.
22         COURT OFFICER:  All right.  Sit down and
23  look forward.  Look towards the Judge.
24         MR. BROADUS:  I will look towards the Judge.
25         COURT OFFICER:  All right.  Thank you.

1        THE COURT:  Okay, so I'll tell the parents

2   in this case that alleges child neglect you have a

3   right to have an attorney represent you.  If you want

4   to hire your own lawyer of course you can go out and

5   hire your own lawyer.  If you can't afford a lawyer

6   because your income is too low I can assign an

7   attorney to represent you.  Sir, do you plan to hire

8   your own attorney?

9        MR. BROADUS:  No, I'm good right here.

10        THE COURT:  And how do you support yourself?

11        MR. BROADUS:  I support myself.  I do

12   recycling.  I do bottles and cans.  I missing out on

13   a hundred dollars right now because I've got to be in

14   Court.

15        THE COURT:  I see.  And that's your--

16        MR. BROADUS:  [Interposing]  Thank you.

17        THE COURT:  --only source of income?

18        MR. BROADUS:  That's my only source.

19        THE COURT:  Okay.

20        MR. BROADUS:  I work for myself.  I ain't--

21        THE COURT:  [Interposing]  Then I--

22        MR. BROADUS:  --on welfare.  I don't have

23   Medicaid.  I don't get nothing from the government.

24        THE COURT:  Okay.

25        MR. BROADUS:  I'm on everything on my own.

confidential materials

1        THE COURT: I find that your eligible for

2    assigned counsel, and I'll--

3        MR. BROADUS: [Interposing] Thank you.

4        THE COURT: --assign Ms. Weidman to

5    represent you. Ma'am, are you planning on hiring

6    your own attorney?

7        MS. BRIDGEFORTH: No, ma'am.

8        THE COURT: And how do you support yourself?

9        MS. BRIDGEFORTH: I get SSI and I get PA for

10   the baby.

11       THE COURT: Okay, then I also find that

12   you're eligible and I'll assign Ms. Delane to

13   represent you. Do the parents have copies of the

14   petition?

15       MR. BROADUS: No.

16       MS. DELANE: No, Your Honor.

17       THE COURT: Let's remedy that.

18       MS. VERRILLO: I do have one extra copy.

19       MS. KALAS: I have an extra.

20       THE COURT: And I should say I'm arraigning

21   this for Judge Weinstein who had to be out of the

22   courthouse this afternoon.

23       MR. BROADUS: He's a snake.

24       COURT OFFICER: Sir, you - - .

25       THE COURT: Now that you have copies of the

confidential materials

 1    petition, is counsel waiving a reading and entering a

 2    denial?

 3              MS. DELANE:  Yes.

 4              MS. WEIDMAN:  Yes, Your Honor.

 5              THE COURT:  So when this case was initially

 6    filed on October 10th, I'm reading from Judge

 7    Weinstein's notes, he was advised both parents were

 8    incarcerated.  He granted the request for a remand.

 9    Yes.  He found reasonable efforts excused and

10    adjourned to today for return of service.  So what

11    can ACS tell me about how the child is doing and with

12    whom the child is residing?

13              MS. VERRILLO:  Your Honor, the child is

14    currently placed through a non-kinship care through

15    the agency Cardinal McCloskey.  The case planner is

16    here.  I have been advised that the--a referral for

17    play therapy appointment has already been scheduled.

18              MS. KALAS:  Tomorrow.

19              MS. VERRILLO:  Yes.

20              MS. KALAS:  Ms. Goetz and I went to see her

21    in the home I think yesterday, and we were very

22    pleased with the home and the foster mother.

23              THE COURT:  Are there any orders of

24    protection from the criminal case?

25              MS. VERRILLO:  Your Honor, it's my

1   understanding that the criminal case with related to

2   these allegations have been dismissed.  There is an

3   order of protection in Criminal Court with regard to

4   the Respondent father on behalf of Ms. Bridgeforth.

5         MR. BROADUS:  Yeah, but she can tell the

6   truth about that.

7         THE COURT:  So what does that order of

8   protection--oh, that's the one that's referred to in

9   the petition?

10        MS. VERRILLO:  Yes.  Yeah.

11        THE COURT:  And when is that in effect until

12  and what are its terms?

13        MS. DELANE:  Your Honor, that order of

14  protection expires January 16, 2015.  That case was

15  resolved with the Family ACD.

16        THE COURT:  And what are its terms?

17        MS. DELANE:  I believe that Mr. Broadus not

18  be arrested for the year and abide by the order of

19  protection, the standard--

20        THE COURT:  [Interposing]  So I'm--

21        MS. DELANE:  --Family ACD terms.

22        THE COURT:  So was it a stay away, or is it

23  a usual terms?

24        MR. BROADUS:  No, it's a limited.

25        MS. WEIDMAN:  It's a--

confidential materials

1          THE COURT: [Interposing] I'm trying to

2     find out, sir.

3          MS. VERRILLO: As I understand, it's a full

4     stay away. I don't have a copy of that order of

5     protection.

6          MS. DELANE: I do have - - limited.

7          THE COURT: So let's see.

8          MS. KALAS: Can I just say I spoke with

9     somebody at the child's school who indicated that

10    they were aware there was an order of protection, and

11    they believe that the mother produced some paper

12    allowing for visitation, that the father did become

13    present in the child's life at the school recently,

14    so some paperwork was provided to the school, but I

15    don't have copies of what it was. But they--it was

16    their understanding initially that it was a full stay

17    away.

18          THE COURT: So the DV Registry said that's

19    on January 17, 2014, in effect till January 16, 2015,

20    on behalf of Ms. Bridgeforth against Mr. Broadus,

21    usual terms, surrender handguns, subject to

22    subsequent Family Court orders of visitation. So I

23    don't see that it's--wait a minute. It looks to me

24    like it's usual terms, not a stay away.

25          MS. VERRILLO: I have put in a request

```
1    through my office to get the certified criminal
2    documents, and as soon as I do I will make sure that
3    everyone has copies.
4              THE COURT:  So does anyone have any
5    applications that I--could we find Ms. Montgomery
6    since this is going to be deferred to her for a
7    conference?  Judge Weinstein's court attorney?  I
8    guess I'll have to wait until another officer comes
9    back.
10             [crosstalk]
11             THE COURT:  So does anyone have any
12   applications before I send you out to choose a date
13   with Judge Weinstein's court attorney?
14             MS. DELANE:  Your Honor, while we are not
15   contesting the remand at this time, I would ask ACS
16   to look into kinship resources.  I have the names and
17   phone numbers of two pastors in Brooklyn that are
18   Faith's godparents and are very well known to Ms.
19   Bridgeforth.  She's known them since she was 16 years
20   old.
21             THE COURT:  Do you want to give me those
22   names?
23             MS. DELANE:  Sure, Your Honor.  The first
24   name is Pastor Doris Gaston, G-A-S-T-O-N.
25             THE COURT:  I'm sorry, G-A-D-S-O-N?
```

1          MS. DELANE:  Yes, Gaston, hyphen, Andrews.

2          THE COURT:  Okay.

3          MS. DELANE:  And her husband, Pastor Robert

4    Andrews.  And I have their phone number as 718-602-

5    4691.

6          THE COURT:  Okay.  Yes, I would direct ACS

7    to explore kinship resources.

8          MS. KALAS:  I would ask that I be notified

9    if you get - - .

10         MS. DELANE:  Your Honor, I'd also ask that

11   we schedule visitation.

12         MS. KALAS:  Objection.

13         MS. VERRILLO:  Well, Your Honor, at this

14   time there was a CAC evaluation.  The results of that

15   evaluation are pending and it's unclear if there is

16   going to be any follow-up, and ACS would ask that

17   visits not be scheduled until we have the results.

18   Given the nature of the allegations--

19         MR. BROADUS:  [Interposing]  All lies.

20         MS. VERRILLO:  --and the serious--

21         MR. BROADUS:  [Interposing]  I want to see

22   my child.

23         MS. VERRILLO:  --incidents that occurred we

24   want to make sure that this child doesn't have a

25   tainted--any follow-up interviews, but once it's done

1    ACS would set up scheduled interview.

2                    MR. BROADUS:  I want to see my child.

3                    THE COURT:  So--

4                    MS. KALAS:  [Interposing]  Your Honor--

5                    MS. DELANE:  [Interposing]  Your Honor, the

6    majority of the allegations that are underlying this

7    petition were--have been found--basically have been

8    found unfounded.  I mean, the District Attorney's

9    Office is declining to prosecute them, which means

10   that they didn't even have the base level of evidence

11   to proceed.

12                   THE COURT:  So CAC has seen the child once?

13                   MS. VERRILLO:  Yes.  There was--

14                   THE COURT:  [Interposing]  So you--

15                   MS. VERRILLO:  --an appointment.

16                   THE COURT:  --call CAC and you say is there

17   any reason to think that visitation would be

18   detrimental to the child.  If there is, then you

19   bring the case back to suspend visits because it

20   would be detrimental.  But I don't know if it's

21   detrimental or not.  And we all agree that the DA

22   withdrew the case?

23                   MR. BROADUS:  Exactly.

24                   MS. DELANE:  Yes.

25                   MS. KALAS:  But--

confidential materials

1              MS. VERRILLO:  [Interposing]  Yes, Your

2     Honor, but there's still statements that have been

3     made by collateral--

4              MR. BROADUS:  [Interposing]  By who?

5              MS. VERRILLO:  --resources.

6              THE COURT:  So here's the thing, sir.

7     You're in a courtroom.  And you don't just shout out.

8     That's not the way we do things, and--

9              MR. BROADUS:  [Interposing]  I apologize,

10    Judge.

11             THE COURT:  Thank you.  I appreciate it.

12             MR. BROADUS:  I ain't going to say nothing

13    else, because you talk to me.

14             THE COURT:  Okay, thank you.  So the DA

15    withdrew it because they didn't find the child

16    credible?  Because--what reason?  It was too hard?

17             MS. VERRILLO:  Your Honor, we'll have to

18    follow up, but through ACS's own independent

19    investigation speaking to collateral resources who

20    were involved in what happened, and their direct

21    conversation with the child who was very forthcoming,

22    we do have concerns about what this child - - .

23             THE COURT:  So what is the child's position

24    on visitation if you asked her?

25             MS. DELANE:  The child is three and a half,

confidential materials PROCEEDINGS                    15

1       also.

2                 MS. KALAS:   Judge, the child is three and a

3       half.  - - and she was sleeping when we got there,

4       and we did end up waking her and we had to turn off

5       the TV, and we didn't have a chance to do a full and

6       thorough interview.  She express stuff that she

7       didn't want to visit.  I am not sure though that

8       that's really how it was how she feels.  I have asked

9       the agency.  They've set up therapy tomorrow and a

10      doctor's appointment tomorrow.  I--she has adjusted

11      well to foster care.  She--I have asked that the

12      issue be addressed by her therapist tomorrow because

13      like I said, she did say to us she didn't want to

14      visit, but I can't be sure it wasn't the

15      circumstances of our interview.  So--

16                THE COURT:   [Interposing]  What--what--I'm

17      not understanding that.

18                MS. KALAS:   We woke her up.  And then the TV

19      was on and she was sort of distracted--

20                THE COURT:   [Interposing]  She's three and a

21      half.

22                MS. KALAS:   --and then we shut the TV and

23      she became upset with us for doing that and became a

24      little non-communicative.  She did firmly state she

25      didn't want to visit, but again, I feel obligated to

confidential material

1    report that to the Court but I'm not entirely sure

2    that that wasn't due to the circumstances of our

3    interview.  Because she's starting therapy tomorrow I

4    just would like that to be addressed in therapy.  And

5    Ms. Goetz and I plan to see her again over the next

6    couple of days.  We are not going to discuss the

7    allegations with her because I want to leave that to

8    the CAC, but I do feel that we need to address the

9    issue of visitation again.

10             THE COURT:  Okay.  So who else wants to be

11   heard on it?

12             MS. WEIDMAN:  Your Honor, I also do want to

13   state I'm reserving my client's right to a 1028 and

14   support the application by the Respondent mother for

15   exploration of the kinship resources.  Regarding

16   visitation I am asking for an order that visits be

17   provided to my client supervised at a minimum twice a

18   week, and that it be the burden of ACS to bring the

19   matter back before the Court if there's any reason to

20   believe that that would be contraindicated for this

21   three and a half year old child.  I appreciate the

22   attorney for the child's candor in explaining the

23   circumstances of her own interview with this child.

24   I think that at this point there is simply not enough

25   information for this Court to warrant a suspension of

confidential material

```
1    all visitation.  He's currently--
2             THE COURT:  [Interposing]  So here's what
3    I'm going to say.  I'm going to say I'm not going to
4    order that visits occur before the child is seen at
5    this therapy appointment tomorrow.  I'm going to put
6    the case on for Monday with Judge Weinstein.  I don't
7    want to deprive the parents unnecessarily of
8    visitation on the one hand, which is why I'm giving
9    it a short date.  On the other hand, if there is
10   something going on that it would be detrimental to
11   the child given the nature of the allegations and her
12   statement that she doesn't want to visit, I don't
13   want to cause further trauma at this point in time.
14   But I'll put it over for Monday and either you're
15   going to have evidence that it will be detrimental or
16   you won't.
17            MS. DELANE:  Your Honor, I'm sorry.  Very
18   briefly before we adjourn.  Did F      indicate that
19   she did not want to visit with her mother, her
20   father, or both parents?
21            MS. KALAS:  We did address both the parents
22   and as I said she did indicate she did not want to
23   see either parent and she sort of shut down the--when
24   we were questioning her.  So, but again, I can't be
25   certain that we just--she just got tired of talking
```

1   with us, so I did want the issue--we were going to

2   see her again possibly tomorrow, but when I learned

3   she had a therapy appointment I decided that was too

4   many people to see her in one day.  But I plan to

5   follow up for appointment with Ms. Goetz and address

6   the issue.

7           THE COURT:  Okay, so I'm--there is

8   something, counsel, you wanted to raise?

9           MS. DELANE:  No, Your Honor, just also

10  reserving my client's right--

11          MR. BROADUS:  [Interposing]  May I please

12  say something, Your Honor?

13          MS. DELANE:  --to a 1028 hearing.

14          THE COURT:  Why don't you tell--

15          MR. BROADUS:  [Interposing]  Can I please

16  say one thing?

17          THE COURT:  --your lawyer first.  Okay.

18          MR. BROADUS:  Um--no, hold on now.  Hold on

19  now.  Hold on now.  I just want to say one thing.

20  Now, this lady right here, she just said that my

21  daughter denied visitation or something--or something

22  like that.

23          THE COURT:  Mm-hmm.

24          MR. BROADUS:  Look, I'm going to tell you

25  right now.  I'm going to tell you right now, and I'm

confidential material

```
 1    telling you the truth.  My daughter loves me more
 2    than anything on this ground.
 3              THE COURT:  So here's the thing, sir.
 4              MR. BROADUS:  And if you would have told
 5    her, her daddy is coming to see her she ain't never
 6    going to deny it.
 7              THE COURT:  Okay.
 8              MR. BROADUS:  Never.
 9              THE COURT:  So here's the thing.
10              MR. BROADUS:  Never.
11              THE COURT:  I think I've explained the
12    reason for my ruling.
13              MR. BROADUS:  So let--let me talk.  Let me
14    say what I've got to say.
15              THE COURT:  Remember--remember the rule--
16              MR. BROADUS:  [Interposing]  I'll guarantee
17    you one thing.  As soon as--
18              THE COURT:  --the rule I gave you?
19              MR. BROADUS:  --you give me that first
20    visit, ma'am--
21              THE COURT:  [Interposing]  Here's another
22    rule.
23              MR. BROADUS:  All right.
24              THE COURT:  When the judge starts talking
25    then--
```

1              MR. BROADUS:  [Interposing]  I'm going to

2     shut up.

3              THE COURT:  --you can stop talking, put it

4     that way.  Okay, so I'm putting it over for Monday,

5     and either if there's evidence to think it'll be

6     detrimental they'll be--the visits will not go

7     forward.  If there--

8              MR. BROADUS:  [Interposing]  Ain't nothing.

9              THE COURT:  --are reasons to think that

10    there is no harm, then we'll follow the policy the

11    parents should have visitation.

12             MS. DELANE:  I'm sorry--

13             THE COURT:  [Interposing]  So I'm going to

14    send it out to--I don't know if this is going to be

15    with Ms. Montgomery or Judge Weinstein on Monday but

16    she'll tell you whether it's 6 or 6A.  So that Monday

17    is the--

18             MR. BROADUS:  It's a shame my daughter is -

19    - .

20             THE COURT:  --20th.  Just make sure he's - -

21    , 10/20/14, referred to court attorney for time.

22    Anything else before I send you out to choose the

23    time?  All right.

24             MS. DELANE:  Your Honor, I would ask ACS to

25    have the background checks of Ms. Doris Gaston-

confidential material

1        Andrews and Pastor Robert Andrews--

2                    THE COURT:  [Interposing]  Yes.

3                    MS. DELANE:  --done as soon as possible so

4        that if they are a viable resource that the--that can

5        be arranged on Monday as well.

6                    THE COURT:  Okay.  All right.  Thank you.

7                    [END OF HEARING]

confidential materials

22

# C E R T I F I C A T E

I, Rita Dillingham certify that the foregoing transcript of proceedings in the Family Court of the City of New York, County of New York, ACS v. Broadus and Bridgeforth, Docket No. NN-45041-14 was prepared using the required transcription equipment and is a true and accurate record of the proceedings to the best of my ability. I further certify that I am not connected by blood, marriage or employment with any of the parties herein nor interested directly or indirectly in the matter transcribed.


Signature: *Rita Dillingham*

Date:   December 20, 2016

**Ubiqus**
61 Broadway – Suite 1400, New York, NY 10006        PL342
Phone: 212-346-6666 * Fax: 888-412-3655