1006-2014

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH

1430 AMSTERDAM AVENUE, APARTMENT 3C,

NEW YORK, NEW YORK ("THE TARGET PREMISES")

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Detective John Zerafa Shield # 5258, of the Vice Major Case/Human Trafficking Team of the New York City Police Department ("NYPD"), being duly sworn, deposes and says:

1. I am a Detective assigned to the Vice Major Case/Human Trafficking Team and as such I am a public servant of the kind specified in CPL 690.05(1). I have been a Police Officer for more than seventeen years.

2. This affidavit is submitted in support of an application for a warrant to search 1430 Amsterdam Avenue, Apartment 3C, New York, New York ("the target premises"), where there is reasonable cause to believe that evidence of the commission of the crime of Kidnapping in the First Degree, under Penal Law § 135.25, Sex Trafficking, under Penal Law §240.34, and conspiracy to commit those crimes and related crimes, ("designated offenses") may be found in the form of the following property:

   a. handcuffs, chains, ropes, anything that could be used to tie or restrain a person;

   b. any and all knives, machetes, and weapons of any kind;

   c. anything indicative of prostitution, including revealing clothing consistent with prostitution, sex toys, condoms, personal lubricants or other devices or sexual aids that may be used for prostitution;

1

3309



DEF 340

d. a purple bag containing female clothes, identification, personal documents;

e. any and all cellular telephones, cameras, video-recorders, computers, and other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, keyboards, software, hard drives, disks, zip drives, flash drivers, thumb drivers, hard drives, and chargers; and

f. evidence of ownership and use of the target premises or the use of property located therein by any person, including, but not limited to, keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, drivers licenses, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

g. any and all documents relating to the internet, internet provider services, the worldwide web, access to the internet, and the use of computers to connect with other people and computers, including but not limited to bills, billing envelopes, advertisements, use and support materials, user and screenname information, websites, email addresses, chatrooms and any other written materials in any format;

h. documents concerning the promotion of prostitution, the recruitment of individuals for purposes of prostitution, and/or the exchange of funds for prostitution services in any format including but not limited to any paper documents, stored electronic communications, data, information, images, audio or video recordings, and any multimedia contained in computer disks, hard drives, ZIP disks, USB flash ("thumb") drives, CD ROMs, DVDs, minidiscs, Compact Flash cards, and SIM cards, and electronic equipment for creating digital content including but not limited to cellular telephones, smart-phones, iPods, iPads or tablet devices, credit card swiping devices, cameras, microphones, monitors, scanners, webcams, and video recorders.

DEF 341

3. It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target premises; to process the target premises for fingerprints; to analyze, test, and in any way scientifically process the target premises and all items seized.

4. With respect to the stored electronic data, information and images contained in computers and other electronic devices described above and/or their components and accessories, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

5. As set forth below, there is reasonable cause to believe the above described property has been used or is possessed for purpose of being used to commit or conceal the commission of an offense; and constitutes evidence, tends to demonstrate that an offense was committed and that a particular person participated in the commission of said offense.

6. I have spoken to an individual known to the New York City Police Department and the New York County District Attorney's Office (hereinafter "informant"). I am informed by informant that on October 8, 2014, informant went to 1430 Amsterdam Avenue, Apartment 3C, New York, New York (the "target premises") and that she was at that apartment from the night of October 8, 2014 until October 9, 2014, at approximately 2:30 AM. I am further informed that she brought a purple bag containing her clothes, personal documents, and identification. I am further informed by informant that while she was in the target premises, Delano Broadus, who informant has known for some time, put a machete to informant's neck and directed the informant into the sole bedroom of the apartment. I am further informed by informant that inside that bedroom, she observed a young girl who was naked and handcuffed and who informant approximated to be 16 years old. I am further informed that Delano Broadus stated in substance to informant and the other female, "You two bitches are going to be my new bitches. You need to make enough or I will send you to Hunt's Point."[1] I am further informed by informant that she told Delano Broadus that she had to use the bathroom. I am further informed that she ran out of the apartment and out of the building and called 911 from a payphone near the building.

---

[1] During my career in the Vice Unit in the Bronx and as a member of the Major Case Vice Unit, I have investigated numerous cases in the vicinity of Hunt's Point and in my training and experience know that Hunt's Point is a prostitution prone location where numerous individuals solicit clients to provide sexual services for money.

3

3309

DEF 342

7. I am informed by Police Officer Rafael Sanchez, shield 12327 of PSA 6, that he responded to a 911 call stating in substance that a young girl was being held inside an apartment at 1430 Amsterdam Avenue. I am informed by Officer Sanchez that he met the informant at 1430 Amsterdam Avenue. I am informed by Officer Sanchez that informant pointed out Apartment 3C (the "target premises") as the apartment where she had been earlier that day and the apartment where the young girl was being held. I am further informed by Officer Sanchez that Apartment 3C is on the third floor. I am informed by Officer Sanchez that if you take the elevator to the third floor, make a left off the elevator, make another left and walk down the hall, Apartment 3C is on your right. It is directly across from Apartment 3A.

8. I believe that it is necessary to execute the search warrant at night time — i.e., between the hours of 9:00 p.m. and 6:00 a.m. — because of the following factors: the search warrant cannot be executed between 6:00 a.m. and 9:00 p.m.; any delay may endanger the safety of anyone being held in the target premises.

9. Because the property sought may be easily and quickly destroyed or disposed of, and because giving notice may endanger the lives and safety of the executing officers and others, I request permission to enter the target premises without giving prior notice of authority and purpose. The reasons for my belief are as follows: There is evidence of a machete or a large knife in the apartment, providing notice could prove dangerous to the police.

10. Neither I, nor my fellow officers assigned to my unit, have the training and expertise in forensic computer analysis to conduct a thorough and complete forensic search of computers, cellular telephones and/or other electronic storage devices located in the target premises. I am therefore requesting that the Court authorize the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me in accessing, downloading, retrieving, printing, copying or otherwise seizing the computerized and electronic evidence described above from any devices seized in the target location.

WHEREFORE, deponent respectfully requests that the court issue a warrant and order of seizure in the form annexed authorizing a search of the target premises, for the above described property; and directing that if such property is found, it be brought before the Court.

It is also requested that the officers executing the warrant be permitted to enter the above premises without giving prior notice of authority and purpose. Authorization is also requested to conduct the search at any hour of the day or night; to videotape and

photograph the interior of the target premises; to process the target premises for fingerprints; to analyze, test, and in any way scientifically process the target premises and all items seized.

It is also requested that the Court authorize that, for purposes of the requirement that a search warrant be executed within ten days as mandated by C.P.L. Section 690.30(1), that the warrant be deemed executed upon the receipt of the electronic device(s) at a forensic analysis laboratory or facility designated by law enforcement officials, and that the search of said device(s) may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to this warrant.

It is requested that this affidavit and any transcript of any accompanying sworn testimony in support of this application be sealed, except that permission be granted for an assistant district attorney in the New York County District Attorney's Office to obtain a copy of any such sworn testimony and that permission be granted for an assistant district attorney in the New York County District Attorney's office to disclose the affidavit and/or accompanying sworn testimony in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

_____
Detective John Serafin

_____
Jennifer Dolle
APPROVED:     Assistant District Attorney

Sworn to before me this
October 9, 2014

_____
HON. STEVEN M. STATSINGER
Judge

ALEXANDER BEN I
OFFICIAL COURT REPORT
_____
Name of Court Reporter

CONFIDENTIAL and only for use in 16-CV-273 (WHP)