UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

JASMINE BRIDGEFORTH, *et al.*,                          :
                                                       :        16cv273
                                    Plaintiffs,         :
                                                       :        <u>MEMORANDUM & ORDER</u>
                    -against-                           :
                                                       :
JOHN ZERAFA, *et al.*,                                  :
                                                       :
                                    Defendants.         :
                                                       :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

WILLIAM H. PAULEY III, Senior United States District Judge:

   The parties submit various motions <u>in limine</u> and other applications in advance of

trial.  Under the guise of filing <u>in limine</u> motions, Defendants also move for summary judgment

on the claims that remain to be tried.  Not to be outdone, Plaintiffs move for summary judgment

on the unlawful search claim.  Jury selection and trial are scheduled for November 26, 2018.  For

the reasons that follow, Defendants' motion is denied in part and granted in part and Plaintiffs'

motion is denied.  The trial will proceed as scheduled.

   On June 28, 2018, this Court granted in part and denied in part Defendants'

motion for summary judgment.  As relevant here, this Court left the following claims for trial:

(1) fabrication of evidence as to Defendant Zerafa; (2) unlawful search as to the first search of

Plaintiffs' apartment; and (3) failure to intervene as to the fabrication of evidence and unlawful

search claims.

   As a preliminary matter, the renewed motions for summary judgment are

procedurally improper.  First, the parties fail to comply with Local Rule 56.1(a), which requires

"a separate, short and concise statement . . . of the material facts as to which the moving party

contends there is no genuine issue to be tried." See Union Carbide Corp. v. Montell N.V., 179 F.R.D. 425, 426 n.1 (S.D.N.Y. 1998) (noting that failure to submit a Local Rule 56.1 statement may "constitute grounds for denial of the motion").  Neither party submitted a Rule 56.1 statement, but rather presented new facts in the body of their briefs, supported by short deposition excerpts devoid of proper context.  Even though the parties do not contest that the search took place, their briefs reveal that they still do not agree on what transpired or the nature of Sanchez's investigation.  Without factual statements, the Court is "unable to adequately assess whether there exist any genuine issues of material fact," MSF Holding Ltd. v. Fiduciary Tr. Co. Int'l, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006), and questions of "evidence sufficiency" abound, Johnson v. Jones, 515 U.S. 304, 313 (1995).

Second, this Court may reject a successive summary judgment motion "if the arguments in the second motion could have been raised" in the first motion.  Brown v. City of Syracuse, 673 F.3d 141, 147 n.2 (2d Cir. 2012).   Defendants do not contend Sanchez's testimony that he conducted a search of Plaintiffs' apartment pursuant to a child services investigation was unavailable at the time they moved for summary judgment.  Rather, counsel asserts that he only noticed this issue "while reviewing the full record in preparation for trial." (Defendants' October 17, 2018 Pretrial Submissions Concerning Matters to Be Resolved In Limine, ECF No. 126, at 2 n.5.)  This excuse does not suffice because "parties ought to be held to the requirement that they present their strongest case . . . when the matter is first raised." Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (quotation marks and citation omitted).  For these reasons, Defendants' and Plaintiffs' dueling motions for summary judgment are denied.

Defendants also move to preclude Plaintiffs from generally offering any evidence at trial concerning Defendants' disciplinary histories or lawsuits.  Neither party submitted any records or testimony relating to disciplinary history or prior lawsuits.  Because this Court cannot determine the probative value of any such evidence, decision is reserved.

Plaintiffs also seek to offer one instance of an unspecified Defendant's failure to report officer misconduct.  Here again, no records were submitted and this Court cannot decide evidentiary questions in a vacuum. Accordingly, decision is reserved.

Defendants seek to preclude Plaintiffs from requesting a specific dollar amount of damages during summations.  The Second Circuit "has repeatedly expressed its concerns about [giving the jury a specific dollar amount]" because it may "unduly tether the jury to a number that lacks any evidentiary basis."  Estate of Jaquez v. Flores, 2016 WL 1060841, at *3 (S.D.N.Y. Mar. 17, 2016) (collecting cases); see also Ramirez v. N.Y.C. Off-Track Betting Corp., 112 F.3d 38, 40 (2d Cir. 1997).  For that reason, this Court grants Defendants' motion, and Plaintiffs' counsel is instructed to refrain from requesting any specific dollar amount of damages when addressing the jury.

Plaintiffs ask this Court to give an adverse inference instruction to the jury relating to Sanchez's failure to preserve his "scratch" arrest reports relating to his investigation into non-party Nicola Sims' allegations against Plaintiffs.  It is unclear whether any applicable regulations or custom and practice imposed an obligation on Sanchez to preserve these reports. See Harbaki v. SanDisk Corp., 275 F.R.D. 414, 418 (S.D.N.Y. 2010).  Accordingly, decision on this application is reserved until trial.

Finally, Plaintiffs have withdrawn their motion to admit the audio recording and transcript of Sims' 911 call.

For the foregoing reasons, Defendants' motion in limine and for summary judgment is denied in part and granted in part and Plaintiffs' motion in limine and for summary judgment is denied.

Dated:  November 19, 2018
        New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.