UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASMINE BRIDGEFORTH, DELANO BROADUS, and
DAVID FAIRFAX,

                           Plaintiffs,

                 -against-

JOHN ZERAFA, RAFAEL SANCHEZ, MOHAMMED
KHAN, DEMETRIOUS LEE, and LUIS DESPAIGNE
Defendants.

**AMENDED JOINT PRETRIAL ORDER**

**16-CV-273 (WHP)**

------------------------------------------------------------------------ X

       Pursuant to Section VI(A) of the Court's Individual Practices and the Court's scheduling Order, dated July 19, 2018, the parties hereby submit the following statements, summaries, designations, information, and lists as constituting the Joint Pretrial Order in the above-captioned case.

ii.     TRIAL COUNSEL:

     For Plaintiff

     Ryan Michael Lozar[1]
     The Law Office of Ryan Lozar, PC
     305 Broadway, 14th Floor
     New York, NY 10007
     Tel: (310) 867-1562
     Fax: 1-877-666-4455

     For Defendants

     ZACHARY CARTER
     Corporation Counsel of the City of New York
     Matthew Stein, Senior Counsel
     Hannah V. Faddis, Senior Counsel
     100 Church Street
     New York, New York 10007
     Tel: (212) 356-2105/2486
     Fax: (212) 356-3559
     mstein@law.nyc.gov/hfaddis@nyc.law.gov

---

[1] Additional trial counsel will make a notice of appearance in coming weeks.

### III.   SUBJECT MATTER JURISDICTION:

*Plaintiff's Statement*

The basis for subject matter jurisdiction lies in 28 U.S.C. § 1331 and § 1343 because Plaintiffs' surviving claims for trial arise under the Constitution and laws of the United States.  See 28 U.S.C. § 1331 (vesting district courts with original jurisdiction of all civil actions arising under the Constitution and laws of the United States), 28 U.S.C. § 1343 (vesting district courts with original jurisdiction of any civil action to redress rights deprived under color of state law as secured by the Constitution and laws of the United States); see also 42 U.S.C. § 1983, 42 U.S.C. § 1988; Ismail v. Cohen, 899 F.2d 183, 187 (2d Cir. 1990); Williams v. Williams, No. 07 Civ. 119 (TPG), 2010 WL 1257608, at *1 (SDNY Mar. 31, 2010).

*Defendants' Statement*

Defendants do not contest jurisdiction.

### IV.   CLAIMS AND DEFENSES TO BE TRIED:

**Plaintiff Asserts The Following Claims Which Remain To Be Tried:**

1. Unlawful search against Defendants Sanchez, Khan, Lee and Despaigne.[2]

2. Failure to intervene to prevent unlawful search against Defendants Sanchez, Khan, Lee and Despaigne.  Pleaded in the alternative to the direct-liability claims.

3. Fabrication of evidence (deprivation of fair trial) against Defendant Zerafa.

4. Failure to intervene to prevent fabrication of evidence (deprivation of fair trial) against Defendants Sanchez and Despaigne.[3]

**Defendants Assert The Following Defenses Which Remain To Be Tried:**

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

---

[2] Plaintiffs' claims to be tried are those surviving summary judgment and arise under 42 U.S.C. § 1983.  See Docket No. 120 (granting in part, denying in part Defendants' summary judgment motion); id. at 27-28 (summarizing which of Plaintiffs' claims were dismissed and which survived).

[3] Defendants do not believe that plaintiff's failure to intervene claim should be tried.

2. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.[4]

3. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of defendants.

4. There was probable cause and/or reasonable suspicion for plaintiffs' stops, arrests, detentions, and for any prosecutorial steps.

5. At all times relevant to the acts alleged in the complaint, defendants Zerafa, Sanchez, Khan, Lee, and Despaigne acted reasonably in the proper and lawful exercise of their discretion.

**Claims Previously Asserted Which Are Not To Be Tried:[5]**

1. A "freestanding" 42 U.S.C. § 1983 claim (i.e., a Section 1983 claim without specification of a corresponding violation of a right elsewhere conferred).[6]

---

[4] Plaintiffs contest that any question remains as to whether the claims to be tried implicate "clearly established" rights of which any reasonable law enforcement officer would have known because the law of the case holds otherwise. For example, on summary judgment, the Court ruled to the contrary in denying Defendants' motion as to Plaintiffs' fabrication-of-evidence claim against Zerafa, explaining that "[q]ualified immunity does not bar this claim as the actions alleged violate the plaintiffs' clearly established constitutional rights, and no reasonably competent police officer could believe otherwise." Docket No. 120 at 17; see Capitol Records, Inc. v. MP3tunes, LLC, No. 07 Civ. 9931 (WHP), 2013 WL 1987225, at *10 (S.D.N.Y. May 14, 2013) ("law of the case" doctrine holds that "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation"). Plaintiffs argue that this law of the case also controls whether Sanchez or Despaigne may defend against related failure-to-intervene claims by arguing that the direct claim did not implicate a clearly-established right.

Similarly, in the context of Plaintiffs' unlawful-search claims, the law of the case limits arguments that actions did not implicate "clearly established rights" insofar as "[c]ase law at the time of the search made clear that consent to enter does not automatically imply consent to search, and consent to search one area does not imply consent to search others." Docket No. 120 at 21.

[5] These claims were dismissed with prejudice by the Court's Order on defendants' motion for summary judgment. (Dkt. 120).

[6] Plaintiffs stress that they have triable Section 1983 claims where they seek to vindicate rights elsewhere conferred as specified supra, but agree that there is no "freestanding" Section 1983 claim. Docket No. 120 at 8-9.

3


    2.     False Arrest.

    3.     Fabrication of Evidence alleging direct liability as to all defendants except Zerafa.

    4.     Monell Claim against City of New York.

**V.**    **JURY/NON-JURY:**

The Parties jointly state that this case is to be tried before a jury. The Parties jointly estimate the trial will last approximately four days.

**VI.**    **TRIAL BEFORE A MAGISTRATE JUDGE**

The parties <u>do not consent</u> to trial of this case by a Magistrate Judge.

**VII.**    **STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW**

Defendants note that the parties have made no agreements or stipulations of facts and law.[7]

**VIII.**    **LIST OF WITNESSES**

---

[7] Plaintiffs have proposed and will continue to confer with Defendants for a stipulation that NYPD, DANY, criminal and family court, ACS and NYCHA records are admissible (subject to relevance objection) without authentication and/or foundation testimony by their respective records custodians. If the Parties are unable to achieve such stipulation, Plaintiffs will move the Court <u>in limine</u> for a ruling taking judicial notice that NYPD, DANY, court, ACS and NYCHA records are admissible under FRE 803(6) or FRE 807 without need for authentication and/or foundation testimony at trial. <u>See</u> Fed. R. Evid. 803(6) (business record exception); Fed. R. Evid. 807 (residual exception); <u>Chevron Corp. v. Donziger</u>, 974 F. Supp.2d 362, at *691 (SDNY 2014) (taking judicial notice of records' admissibility under FRE 803(6), and noting that "[e]ven if the technical requirements of Rule 803(6) were not satisfied," the Court would admit the records under the residual hearsay exception due to "circumstantial guarantees of trustworthiness").

The NYPD, DANY, court, ACS and NYCHA records were produced in discovery with their respective records custodians as their source, and the Parties have no "principled dispute" relating to whether they meet FRE 803(6)'s or FRE 807's elements. 3 Moore's Fed. Prac. § 16.77(4)(c); <u>see</u> Fed. R. Civ. P. 16(c)(2)(C) (stating that the purpose of pretrial proceedings is to permit the court to obtain "stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence"); FRCP 16, advisory committee note 1983; <u>Brager & Co., Inc. v. Leumi Sec. Corp.</u>, 530 F. Supp. 1361, 1364 (S.D.N.Y. 1982) (noting FRCP 16's benefits as including the obviation of trial authentication evidence through party stipulation); <u>see</u> also 3 Moore's Fed. Prac. § 16.77(4)(c) (Matthew Bender 3d ed.) (noting judicial economy achieved through stipulated admissibility of documents where there is "no principled dispute").

Plaintiff's Witnesses:[8]

1. Plaintiff Jasmine Bridgeforth
2. Plaintiff Delano Broadus
3. Plaintiff David Fairfax
4. Defendant PO Rafael Sanchez
5. Defendant DI Luis Despaigne
6. Defendant PO Mohammed Khan
7. Defendant Det. Demetrious Lee
8. Defendant Det. John Zerafa
9. Non-party Lt. Michael Guenther
10. Non-party ADA Caitlin Nolan

11. Non-party Lt. Chris Czark
12. Non-party PO Jonathan Kramel
13. Non-party Sergeant George Munoz[9]

Defendants' Witnesses:[10]

---

[8] Plaintiffs intend for all witnesses to testify in person. Plaintiffs reserve the right to call any or all witnesses listed on defendants' witness list.

[9] Although Plaintiffs have subpoenaed Czark, Kramel and Munoz, they will only call them if unable to elicit their information in other testimony. Plaintiffs presently expect to call only the witnesses listed in the body of this JPTO in their case in chief, with the two following caveats:

(1) Plaintiffs will need to call NYPD, DANY, criminal court, family court, ACS and/or NYCHA records custodians or authors as trial witnesses in the event the Parties do not stipulate to the admissibility of these government entities' records (subject to relevance objection) as discussed supra.

(2) Plaintiffs ask the Court for leave to notice the following potential fact witnesses at trial. In the interest of economy, Plaintiffs name these potential witnesses in footnote because their testimony may likely be redundant or unnecessary depending on the Court's in limine rulings, but Plaintiffs ask the Court to allow for the contingency that trial testimony or rulings may change that expectation (if so, any unexpectedly-needed testimony from these witnesses would be brief and limited in scope to supplement necessary evidence, authentication, foundation and/or to impeach):  (a) non-party NYPD Officers Christopher Colon; Carmin Fontaine; Ricky Erdman and/or Kelly Rourke; (b) Non-party NYPD Detectives Rashford Dean and/or Ramon Guzman; (c) Non-party NYPD Sergeant Gregory Graves; (d) Non-party ACS Officers Joshua Davis and/or Emmanuel Okon; and (e) Non-party ADAs Jennifer Dolle and/or John Temple.

[10] Defendants reserve the right to call any or all witnesses listed on plaintiff's witness list.

1. Police Officer Sanchez
2. Detective Zerafa
3. Non-party ACS CPS Joshua Davis

## IX. DEPOSITION TESTIMONY

**Plaintiffs' Position**[11]

| Exh | Deponent | Designation [page:line] | Cross-Designation | Objection |
|---|---|---|---|---|
| S-1 | Sanchez | 30:11-20 | | See "Defendants' Position (below) for general objection to plaintiff's designations in their entirety |
| S-2 | Sanchez | 42:13-21 | | |
| S-3 | Sanchez | 48:16-20 | | |
| S-4 | Sanchez | 70:4-71:3 | | |
| S-5 | Sanchez | 93:24-94:11 | | |
| S-6 | Sanchez | 128:21-129:16 | | |
| S-7 | Sanchez | 139:19-23 | | |
| S-8 | Sanchez | 141:11-16 | | |
| S-9 | Sanchez | 145:6-10 | | |
| S-10 | Sanchez | 148:19-149:17 | | |
| S-11 | Sanchez | 152:15-153:3 | | |
| Z-1 | Zerafa | 18:4-7 | | |
| Z-2 | Zerafa | 20:17-21:3 | | |
| Z-3 | Zerafa | 25:2-10 | | |

---

[11] As Plaintiffs indicated at September 2018 conference with the Court, they will withdraw these deposition designations if trial testimony establishes the same facts, rendering the use of deposition designations unnecessary.

In the event Plaintiffs do seek to use deposition designations, Plaintiffs disagree with Defendants that Plaintiffs may only use deposition testimony in their case-in-chief in the event a deposed party becomes unavailable. Rule 32(a)(3) states that an "adverse party may use for any purpose the deposition of a party." Fed. R. Civ. P. 32(a)(3). "Rule 32(a)(3) is liberally construed, and although the court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, it may not refuse to allow the deposition to be used merely because the party is available to testify in person." Capitol Records, Inc. v. MP3tunes, LLC, No. 07 Civ. 9931 (WHP), 2014 WL 503959, at *16 (SDNY Jan. 29, 2014); see Linde v. Arab Bank, PLC, No. 04 Civ. 2799 (BMC) (VVP), 2014 WL 12558572, at *3 (EDNY July 31, 2014) (granting party the right to impeach deposition testimony brought in on case in chief with other trial exhibits); Brown v. Pagan, No. 08 Civ. 8372 (MAE), 2010 WL 1430702, at *2 (SDNY Apr. 8, 2010) (denying motion to preclude use of deposition transcript as trial exhibits, citing Fed. R. Civ. P. 32(a)(3) and Fed. R. Evid. 801(d)(2)).

| Exh | Witness | Lines |
|---|---|---|
| Z-4 | Zerafa | 26:21-28:4 |
| Z-5 | Zerafa | 30:16-22 |
| Z-6 | Zerafa | 41:23-42:4 |
| Z-7 | Zerafa | 44:20-45:16 |
| Z-8 | Zerafa | 48:19-49:6 |
| Z-9 | Zerafa | 80:7-15 |
| Z-10 | Zerafa | 81:11-14 |
| Z-11 | Zerafa | 86:3-15 |
| T-12 | Zerafa | 89:12-20 |
| T-13 | Zerafa | 106:17-107:9 |
| T-14 | Zerafa | 113:9-18 |

In addition, Plaintiffs expect to use deposition transcripts for impeachment purposes where appropriate, and to move the Court to admit transcript portions as their admissibility as impeachment evidence may become known during trial. Plaintiffs also ask the Court's leave to reserve the right to move the Court to admit deposition testimony as evidence pursuant to the Federal Rules in the event a deposed individual is unavailable at trial.

**Defendants' Position**

Defendants do not anticipate offering deposition testimony in their case-in-chief, but instead anticipate using it for impeachment purposes only. Defendants also object to plaintiff's use of deposition testimony in his case-in-chief unless a witness proves to be unavailable to testify in person. In the event a witness becomes unavailable to testify, defendants will designate deposition testimony for their case-in-chief at that time.

## X.   EXHIBITS

**Plaintiff's Exhibits:**[12]

| Exh | Description of Record | BATES | Objection |
|---|---|---|---|
| P-1B | Broadus OLPA | DEF8-9 | FRE 402 (relevance) |
| P-1C | Bridgeforth OLPA | DEF18-19 | FRE 402 (relevance) |
| P-1D | Fairfax OLPA | DEF33-34 | FRE 402 (relevance) |
| P-12A | DD5s | DEF35-36, 249, 37, 250, 38 | FRE 402 (relevance);FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-13 | Sanchez Memo Book entries | DEF40-50, 251-257 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-14 | Zerafa Memo Book | DEF51-53 | FRE 402 (relevance); FRE 403 (confusing, |

---

[12] As per the Court's Individual Rules, Plaintiffs' trial exhibits are marked herein as they were during deposition. It is the Parties' understanding that responses to adversaries' objections are to be briefed in in limine motion and pretrial memorandum according to the Court's Individual Rule VI.B.iii-iv (where applicable, in limine submissions will contain proposed exhibits bearing proposed redactions as relevant to arguments on intended use).

| | entries | | cumulative) |
|---|---|---|---|
| P-17 | Search Warrant Notification and SafeTNet | DEF56-59 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-19 | Search Warrant | DEF61-63 | No Objection |
| P-20 | Invoice 1000562006 (wigs) | DEF64-65 | FRE 402 (relevance); FRE 403 (confusing) |
| P-21 | Interrogation Warnings | DEF66-68 | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-23 | Sanchez Apt 3C photos | DEF98-105 | No Objection |
| P-30 | Decline to Prosecute letters (Bridgeforth, Broadus, Fairfax, Eric K, Sarah HS) | DEF131-132, 141-142, 366-367 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-32 | Lee Memo Book | DEF137-140 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-39 | Khan disciplinary record | DEF346 | FRE 402 (relevance); FRE 403 (prejudice substantially outweighs probative value); 802 (hearsay); FRE 404 (propensity) |
| P-42 | Command Log | DEF247-248, 365 | FRE 402 (relevance); FRE 403 (confusing) |
| P-43 | Search Warrant Affidavit | DEF340-345 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-46 | Khan Memo Book | 264-267 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-47 | Unusual Incident Report | 268 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-49 | Kramel Memo Book | 308-311 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-51 | DA file hand notes | DEF324-332 | FRE 402 (relevance); 802 (hearsay) |
| P-51A | Chain of Custody form HTAU | DEF333-335 | FRE 402 (relevance); FRE 403 (confusing) |
| P-55 | Family Court transcript May 13, 2015 | PL89-112 (Sanchez), PL114-115. | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-59 | Photos | PL347, PL76, PL 348 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-60 | Maps | No BATES | FRE 402 (relevance); FRE 403 (confusing) |
| P-61 | Zerafa Hand Notes | No BATES (brought by Zerafa to proceeding) | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-65 | Invoice 1000562022 | PL6, PL8, | FRE 402 (relevance); FRE 403 |

8

|  | (Bridgeforth computer and phones later sent to HTAU) | PL10, PL12 | (confusing) |
|---|---|---|---|
| P-74 | Guenther Memo Book entries | DEF368-DEF372 | FRE 402 (relevance); FRE 403 (confusing, cumulative) |
| P-75 | Apt. 3C Map | No BATES | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-76 | 911 Audio | DEF339 | No Objection |
| P-77 | 911 Audio Transcript | PL378-PL386 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-78 | Bridgeforth NYCHA Window Guard record | PL232 | FRE 402 (relevance); FRE 403 (confusing) |
| P-78A | NYCHA window guard record | PL372 | FRE 402 (relevance); FRE 403 (confusing) |
| P-79 | NYCHA map | PL371 | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
|  |  |  |  |
| P-80 | Window Guard photo | PL372 | FRE 402 (relevance); FRE 403 (confusing) |
|  |  |  |  |
| P-82 | Apt. 3C Time Warner Cable bill in name of Necola Sims | PL414 | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-83 | Sanchez affidavit | DEF406-DEF407 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-84 | Defendants' First Admissions | No BATES | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-85 | Zerafa Search Warrant Application Transcript | PL352-354 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-86 | Munoz Memo Book | DEF405 | FRE 402 (relevance); FRE 403 (confusing, cumulative); 802 (hearsay) |
| P-90 | Defendants' Second Admissions | No BATES | FRE 402 (relevance); FRE 403 (confusing); 802 (hearsay) |
| P-91 | Photo of Kitchen | PL343 | FRE 402 (relevance); FRE 403 (confusing) |
| P-92 | Photo of Living Room | PL344 | FRE 402 (relevance); FRE 403 (confusing) |

**Defendants' Exhibits**[13]

| Ex. | Description: | Objections: |
|---|---|---|
| A | Domestic Incident Report (DEF 21-23, 106-108) | Plaintiffs' objections to Exhs. A-D are limited to redaction of irrelevant and/or prejudicial information from the record prior to its use as exhibit. FRE 402 (relevance); FRE 403 (prejudice outweighs probative value). Plaintiffs reserve the right to use any and all exhibits listed by Defendants and to use other records in discovery as impeachment as the Court allows. |
| B | DV Report Photos (DEF 93 - 97) | |
| C | Detective Zerafa's DD5's Complaint Follow-Up 1 (DEF 36) | |
| D | Handwritten notes seized as evidence (PL 419) | Plaintiffs object to the isolation of this single page as evidence and may introduce the balance of handwritten notes seized as evidence in discovery at PL415-421. Plaintiffs will provide the Court with a copy of the complete set. |

_____/s/_____   _____/s/_____
Ryan Michael Lozar, Esq.                    Matthew Stein, Esq.
*Attorney for Plaintiffs*                   Senior Counsel
Law Firm of Ryan Lozar                      Attorney for Defendants
305 Broadway, 14th Floor                    100 Church Street
New York, NY 10007                          New York, New York 10007
(310) 867-1562
ryanlozar@gmail.com


**SO ORDERED.**

_____
HON. WILLIAM H. PAULEY, III, U.S.D.J.

Dated: New York, New York
        _____, 2018

---

[13] Defendants reserve the right to use any and all exhibits listed by plaintiff and to supplement defendants' list with exhibit for impeachment purposes.