The Law Office of Ryan Lozar, P.C.
305 Broadway, 14th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax 1-877-666-4456
ryanlozar@gmail.com
www.ryanlozar.com



November 28, 2018

Re:     Bridgeforth, et al., v. City of N.Y., et al., No. 16 Civ. 273 (WHP)

Dear Judge Pauley:

      I represent Plaintiffs in the above-captioned litigation bringing Section 1983 and 1988 claims. Plaintiffs oppose Sanchez's proposed special interrogatory as framed at Docket No. 155.

      First, Plaintiffs object to Sanchez's sole proposed interrogatory being framed as a legal conclusion as it pertains to the objective reasonableness of Sanchez's kitchen-and-refrigerator search. It is for the Court to make the "ultimate determination of whether the officer's conduct was objectively unreasonable." Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007).

      Instead, Sanchez's proposed interrogatory might ask whether he has proven by a preponderance of the evidence that a representative of ACS asked him to search Apt. 3C's kitchen cabinets and refrigerator to determine whether they contained food." Assuming arguendo that the jury finds in Sanchez's favor on this question, it is then for the Court to decide from that fact, law and other trial evidence whether "a reasonable official in [Sanchez's] position would reasonably believe his conduct did not violate a clearly established right." Outlaw v. City of Hartford, 884 F.3d 351, 367 (2d Cir. 2018).

      Next, qualified immunity is an affirmative defense as to which Sanchez bears the burden of proof. The special interrogatory should ask whether Sanchez has proven his interrogatory fact by a preponderance of the evidence, as the verdict form asks where Plaintiffs bear the burden of proof. See Outlaw, 884 F.3d at 367.

Thank you,

*Ryan Lozar*

Ryan Lozar